THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT MELSON, Defendant-Appellant.

(No. 72-363;

Fifth District—May 8, 1974.

Robert E. Farrell, Deputy Defender, of Mt. Vernon (Richard E. Cunningham, Assistant Appellate Defender, and Michael J. D'Augustine, Senior Law Student, of counsel), for appellant.

Nicholas G. Byron, State's Attorney, of Edwardsville (Raymond F. Buckley, Jr., Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal from an order of the circuit court of Madison County revoking appellant's probation and the imposition of a sentence of 1 to 3 years imprisonment. Appellant, Robert Melson, pleaded guilty to burglary and was placed on probation for 2 years on August 24, 1972, under conditions of section 117—2(a)(1—4) of the Code of Criminal Procedure (Ill. Rev. Stat. 1971, ch. 38, par. 117—2(a)(1—4)), including the provision against further violation of the law. One and one-half months later a petition to revoke probation was filed, alleging that appellant committed the offense of attempt (to commit burglary). A hearing was conducted at which facts relating to the above incident were presented.

The appellant contends that the petition was fatally defective in that it failed to give the appellant proper notice of the alleged violation of probation. Next, appellant contends that the State failed to prove by a preponderance of the evidence that the appellant violated the conditions of his probation.

The petition to revoke stated, in part:

"That the defendant had violated the terms of his probation in that on October 8, 1972 he committed the offense of attempt (burglary), to wit: He attempted to commit a burglary at the Kerr Drug Store, 2512 College Avenue, Alton, Illinois, in violation of chapter 38, section 8—4(c—2)."

The appellant asserts that the instant revocation petition, and the above portion in particular, is defective because it does not allege any act on the part of the appellant.

A petition to revoke probation need not be as specific as an indictment or information but it must be sufficient to apprise the defendant of the nature of the conduct alleged to constitute the grounds for revocation.

(*People v. Tempel*, 131 Ill.App.2d 955, 268 N.E.2d 875.) In the instant case, the fact that the appellant testified intelligently about the charges contained in the petition and the fact that neither the appellant nor his counsel complained at the hearing that they were not cognizant of the charges indicated that the appellant was undeniably aware of the nature of the charges contained therein.

■■■ The appellant's second contention is that the State failed to prove by the preponderance of the evidence that he violated the terms of his probation. However, as we stated in *People v. Shadowens*, 10 Ill.App.3d 450, 452, 294 N.E.2d 107, 109:

> "The credibility of witnesses and the weight to be given their evidence are matters for the finders of fact and should not be disturbed except where the evidence is so unsatisfactory as not to sustain the burden of proof. (People v. Hampton, 44 Ill.2d 41, 253 N.E.2d 385.)"

Our review of the record in the instant case discloses that the evidence is satisfactory to sustain the required burden of proof. We therefore affirm the revocation.

Judgment affirmed.

G. MORAN, P. J., and CREBS, J., concur.