THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
CHRISTINE LINK, Defendant-Appellant.

Third District    No. 80-544

Opinion filed July 16, 1981.

Robert Agostinelli and Frank Ralph, both of State Appellate Defender's Office, of Ottawa, for appellant.

Carl E. Hawkinson, State's Attorney, of Galesburg (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Defendant Christine Link was charged by petition to revoke probation with two counts of disorderly conduct and one count of harassment by telephone. After a hearing on the merits, the circuit court of Knox County held that she had committed the latter offense, granted the petition, and imposed two concurrent four-year terms of imprisonment.

Defendant had originally been sentenced to two consecutive terms of probation after entering guilty pleas to two of three attempt (arson) charges in 1979. The factual basis then presented, and the evidence presented at the subsequent sentencing hearing, indicated defendant had set fires at the Galesburg Cottage Hospital and Galesburg Public Safety Building after feeling rejected by males who had been counseling her. The then 20-year-old defendant had no disciplinary problems in high school nor any prior convictions; she had, however, been seeing a social worker since her senior year.

A psychiatric evaluation by Dr. Thomas Tourlentes, prepared in 1979, indicated that defendant had a history of "crushes" on male teachers and counselors at her high school, similar to the "crushes" which Dr. Tourlentes believed resulted in the attempted arsons of 1979. His evaluation concluded that defendant had a "long-standing and deep-seated

neurotic preoccupation with sex which is manifested by hysterical attention seeking, including the setting of fires."

Defendant had continued to seek counsel and began seeing Father Rick Pilger, assistant pastor at Corpus Christi Church in Galesburg in August of 1979. Father Pilger testified in her behalf at the 1979 sentencing hearing and stated that defendant was eager to continue her counseling. While testifying that he was confident defendant had not become emotionally or romantically involved with him, he acknowledged that Dr. Tourlentes recommended she only be counseled by females. After being sentenced to probation, defendant began counseling with Mary Dennis, a therapist at the Spoon River Mental Health Center.

In the early evening of July 22, 1980, defendant came to see Father Pilger; however, Ms. Dennis had decided defendant was not to see her former counselor. Father Pilger, aware of this decision, explained he could not speak to defendant unless Ms. Dennis first granted her permission. Defendant rang the rectory doorbell repeatedly throughout the evening. Two days later, similar doorbell ringing precipitated a meeting of defendant and both counselors.

In the late evening of August 5, 1980, defendant called Father Pilger and again wanted to talk to him, which the priest again explained he could not do without prior permission. After he attempted to hang up, defendant apparently stayed on the line as the connection had not been broken and Father Pilger received a busy signal when he attempted to call her on another line. The priest then called Officer Sonny Duncan, who went to defendant's residence and warned her against making further calls. At approximately 3 a.m. the following morning, defendant called again and Father Pilger signed the complaint leading to the petition at bar.

The petition alleged that defendant had violated the terms of her probation by committing three criminal offenses. The trial court found a probation violation in her perpetration of the offense of harassment by telephone. The petition charged, *inter alia*:

> "On August 5, 1980, said probationer committed the offense of harrassment [*sic*] by telephone in that she knowingly made a telephone call to Father Rick Pilger with intent to annoy Father Rick Pilger in violation of Chapter 134 *Ill. Rev. Stat.* Section 16.4—1."

In *People v. Klick* (1977), 66 Ill. 2d 269, 362 N.E.2d 329, the supreme court had occasion to rule on the constitutionality of section 26—1(a)(2) of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 26—1(a)(2), which provided:

> "A person commits disorderly conduct when he knowingly:
> * * *

> (2) With intent to annoy another, makes a telephone call, whether or not conversation thereby ensues; * * *."

The court found the provision overly broad and therefore violative of the first and fourteenth amendments to the United States Constitution. The General Assembly thereafter enacted the statute which defendant was found to have violated. Section 1—1 of "An Act * * * to prevent harassment by the use of telephone communications * * *" (Ill. Rev. Stat. 1977, ch. 134, par. 16.4—1) provides in pertinent part:

> "Harassment by telephone is use of telephone communication for any of the following purposes:
> * * *
>
> (2) Making a telephone call, whether or not conversation ensues, with intent to abuse, threaten or harass any person at the called number; * * *."

While defendant was never accused of violating any specific subsection of the provision, the litigants agree only the above language is here applicable.

A comparison of the charging instrument with each of the cited statutory provisions leads to two conclusions. The first is that defendant was accused of behavior the proscription of which has been found unconstitutional. The second is that she has not been accused of a crime. Two additional issues advanced by the State must here be addressed.

The State first directs our attention to the fact that defendant questions the sufficiency of the petition to revoke probation for the first time on appeal. We recognize that under normal principles of appellate adjudication, the lack of objection at a hearing to revoke probation waives a question on appeal (cf. People v. Knight (1979), 75 Ill. 2d 291, 388 N.E.2d 414 (insufficiency of motions to suppress)); however we shall notice the issue as a plain error or defect affecting substantial rights under Supreme Court Rule 615(a) (Ill. Rev. Stat. 1977, ch. 110A, par. 615(a)). The State next reminds us that one of the differences between the proceedings herein and a criminal trial is that a defendant is entitled to be informed of the claimed offending conduct from the allegations of a petition to revoke probation, but the same specificity required in an indictment or information is not necessary. (E.g., People v. Monick (1977), 51 Ill. App. 3d 783, 367 N.E.2d 225; People v. White (1975), 33 Ill. App. 3d 523, 338 N.E.2d 81; People v. Johnson (1973), 13 Ill. App. 3d 1020, 304 N.E.2d 681, cert. denied (1974), 419 U.S. 865, 42 L. Ed. 2d 101, 95 S. Ct. 119.) Defendant was informed of her offending conduct in that the petition clearly states that she made a telephone call to Father Pilger with the intent to annoy him; however, this is not dispositive of the primary question before us.

We noted earlier that not only did the charging instrument fail to set

forth a criminal violation, it described behavior which was found unconstitutional to proscribe. While it may seem that the allegation of intent to annoy may be satisfactory for these proceedings we note the words of our supreme court:

> "The determination of the legislative intent in requiring proof of the intent 'to abuse, threaten or harass' rather than as in the earlier statute, the intent 'to annoy,' would appear, appropriately, to invoke the maxim *noscitur a sociis*. As the Supreme Court observed in *Jarecki v. G.D. Searle & Co.* (1961), 367 U.S. 303, 307, 6 L. Ed. 2d 859, 869, 81 S. Ct. 1579, 1582, 6 L. Ed. 2d 859, 'The maxim *nosciur a sociis*, that a word is known by the company it keeps, while not an inescapable rule, is often wisely applied where a word is capable of many meanings in order to avoid the giving of unintended breadth to the Acts of Congress.' Thus the words 'abuse' and 'harass' take color from the word 'threaten' and acquire more restricted meanings." (*People v. Parkins* (1979), 77 Ill. 2d 253, 257-58, 396 N.E.2d 22, 24, *appeal dismissed* (1980), 446 U.S. 901, 64 L. Ed. 2d 254, 100 S. Ct. 1825.)

Considering the more restricted meanings of the words in the present statute, we do not find the allegation of intent to annoy satisfactory for these proceedings.

Defendant's probation was revoked solely because of the alleged violation of a criminal statute. While there is some question of whether she acted with the requisite intent under either of the provisions we have examined, we need not reach this issue. Defendant was not charged with a crime but with an action which it is unconstitutional to criminalize. Under these circumstances, it was an abuse of discretion to revoke her probation and impose the dual sentences.

Accordingly, the order of the circuit court of Knox County is reversed.

Reversed.

SCOTT, P. J., and BARRY, J., concur.