*In re* D. L. B., a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* D. L. B., Respondent-Appellant.)

Fourth District    No. 17200

Opinion filed December 10, 1981.—Rehearing denied January 8, 1982.

Daniel D. Yuhas and James G. Woodward, both of State Appellate Defender's Office, of Springfield, for appellant.

Anthony B. Cameron, State's Attorney, of Quincy (Robert J. Biderman and David E. Mannchen, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE WEBBER delivered the opinion of the court:

The minor involved in this case was twice adjudicated delinquent and placed on probation. On April 7, 1981, a petition for supplemental relief was filed, alleging violations of the terms of probation. After a hearing, the circuit court of Adams County found the allegations proved, revoked probation and sentenced the minor to the Department of Corrections. The appeal lies from that order.

We find both the State and the minor guilty of gross breaches of the rules of procedure, but notwithstanding, the minor has waived these imperfections and we affirm.

The early history of this case is not of concern here. It is firmly established that on the date of the filing of the supplemental petition the minor was a delinquent on probation. What is of concern is the supplemental petition. It is attenuated almost beyond belief. Apart from the formal recitations of the status of the minor and the prayer for relief, the critical portion states as follows:

> "That on February 28, 1981, the minor committed the offenses of curfew violation and malicious mischief; that on April 6, 1981, the minor committed the offenses of curfew violation, theft, and burglary."

No objection was made to this travesty of a charging instrument, and the trial court proceeded thereon to take evidence at a dispositional hearing. Following that hearing, the order appealed from was entered on May 19, 1981, and on the same date notice of appeal was filed.

On June 23, 1981, counsel for the minor filed a motion for new trial or in the alternative a motion for modification of disposition. In this instrument the question of the sufficiency of the supplemental petition was raised for the first time. The trial court denied the motion for lack of jurisdiction.

The trial court found the allegations concerning February 28, 1981, not proved and dismissed them; it found the allegations concerning April 6, 1981, proved by a preponderance of the evidence. We need not dwell on the evidence, since no issue is raised on appeal about its sufficiency. We have examined the testimony and find it sufficient to sustain the April 6, 1981, charges, if they had been properly alleged. In summary, it was established that a Quincy police officer observed a car backed up to a building at about 1:15 a.m. He also observed a broken window in the building and a person walking from the car to the building. That person was apprehended and identified as the minor. Four cases of beer were found in the car along with two other persons in the car and a fourth person in the building. Another police officer testified that he had interviewed the minor who stated, in substance, that he, along with the other persons found at the scene, went in the automobile to the area and that one of the others passed the beer out of the building to him; he then placed the beer in the car. The defense presented no evidence.

As we have already indicated, two closely intertwined problems are presented: (1) the insufficiency of the supplemental petition, and (2) the lack of proper and timely objection to it. We believe that the petition was woefully deficient, and if proper and timely objection had been made, we would have no hesitancy in reversing. However, such objection was not made, and even though we are reluctant to find waiver in a juvenile case, we do so here.

It may first be observed that we view with dismay the steadily increasing informality with which juvenile matters are being handled. Undoubtedly the Juvenile Court Act was intended to disentangle minors from much of the legalism attendant upon adult criminal prosecution, but we find nothing in this humanitarian approach which should strip a minor of the most elementary right of any offender, that of knowing precisely what he is charged with. The Juvenile Court Act itself provides that "[t]he procedural rights assured to the minor shall be the rights of adults unless specifically precluded by laws which enhance the protection of such minors." Ill. Rev. Stat. 1979, ch. 37, par. 701—2(3)(a).

Two propositions are well established in the law. First, that an

instrument seeking revocation of probation need not be as specific as an indictment or information. (*People v. Tempel* (1971), 131 Ill. App. 2d 955, 268 N.E.2d 875; *People v. Johnson* (1973), 13 Ill. App. 3d 1020, 304 N.E.2d 681; *People v. Melson* (1974), 19 Ill. App. 3d 438, 311 N.E.2d 763.) Equally well established is that a minor is entitled to elementary due process (*In re Gault* (1967), 387 U.S. 1, 18 L. Ed. 2d 527, 87 S. Ct. 1428) and that a defendant charged with a probation violation is entitled to a conscientious judicial determination of the charge according to accepted and well-established procedural methods. (*People v. Pier* (1972), 51 Ill. 2d 96, 281 N.E.2d 289.) The charging instrument in the instant case meets none of these standards.

In *Tempel* it was at least alleged where the premises were located which were the subject of the burglary; in *Johnson* the persons whose property was stolen were alleged by name; in *Melson* the premises were named. This is little more information than in the instant case, but it is still more. In *People v. Monick* (1977), 51 Ill. App. 3d 783, 367 N.E.2d 225, little information was furnished other than a specific date, but defense counsel raised the issue below.

In the instant case there is lacking any allegation whatsoever of persons, places or things. There is nothing but a bare allegation of two dates. This represents notice pleading at its worst and is even more offensive since the Supreme Court Rules on criminal discovery (73 Ill. 2d Rules 411, 412, 413, 414, and 415) do not apply to juvenile proceedings. See Ill. Ann. Stat., ch. 110A, par. 411, Committee Comments, at 674 (Smith-Hurd 1976).

While the State is to be sharply criticized for its lackadaisical pleading, no honors are to be awarded defense counsel in this matter. No specific objection was ever raised to the petition until the motion for new trial filed more than one month after the notice of appeal. There was a failure to register objection at the earliest possible moment, but even apart from this, it is elementary that a notice of appeal divests the trial court of jurisdiction. By filing the notice in this case on the same day as the order appealed from, counsel automatically precluded the trial court from correcting the error.

The minor argues that the deficiency was brought to the trial court's attention, but it was not by way of objection but by way of argument at the close of the revocation hearing. As such, it was directed to the sufficiency of the evidence, not to the legal point.

We have stated that we are reluctant to find waiver. (Compare *In re Carson* (1973), 10 Ill. App. 3d 387, 294 N.E.2d 75.) However, a variety of cases have held that waiver is the rule under the circumstances when the issue is raised for the first time on appeal. (*People v. Gilmore* (1976), 63 Ill. 2d 23, 344 N.E.2d 456 (sufficiency of an indictment); *People ex rel.*

*Ryan v. Sempek* (1958), 12 Ill. 2d 581, 147 N.E.2d 295 (lack of definiteness in a dependency petition); *People v. White* (1975), 33 Ill. App. 3d 523, 338 N.E.2d 81 (lack of specific subsection of the statute); *In re Dyess* (1978), 62 Ill. App. 3d 571, 378 N.E.2d 1313 (failure to raise issue of age).) We find these cases analogous and hold that the failure to object specifically to the inadequacy of the charging instrument constitutes a waiver when the issue is raised for the first time on appeal.

In brief, neither side covered itself with glory in this case. We trust we shall not see its like again.

The minor's final argument is that the trial court abused its discretion in committing him to the Department of Corrections. A review of the minor's history shows a rapidly accelerating delinquent behavior pattern. There was no abuse.

The order of the circuit court of Adams County is affirmed.

Affirmed.

GREEN, P. J., and MILLS, J., concur.