THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
BRIAN J. SMITH, Defendant-Appellant.

Fourth District No. 4—89—0898

Opinion filed September 6, 1990.

Daniel D. Yuhas and Lawrence J. Essig, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Kenneth R. Boyle, Robert J. Biderman, and Dale M. Wood, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

Defendant appeals the revocation of his probation. He argues the trial court could not resentence him *in absentia* and the petition to

revoke was fatally defective.

We affirm.

On May 15, 1988, defendant was arrested and charged with aggravated battery and a misdemeanor offense. (Ill. Rev. Stat. 1987, ch. 38, par. 12—4(b)(6).) On May 16, 1988, at defendant's arraignment, the trial court advised defendant that if he failed to appear in court at his preliminary hearing or any other hearing in the matter, defendant waived his right to confront witnesses and the trial would proceed in his absence. Defendant stated he understood the admonition.

On June 2, 1988, an indictment issued charging defendant with the May 15, 1988, aggravated battery. (Ill. Rev. Stat. 1987, ch. 38, par. 12—4(b)(6).) A preliminary hearing occurred on June 7, 1988. The court again advised defendant that a failure to appear at any hearing in the matter constituted a waiver of his right to confront witnesses and the trial would proceed in the defendant's absence. On September 6, 1988, pursuant to a plea agreement, defendant pleaded guilty to aggravated battery. The State dismissed the misdemeanor. The court sentenced defendant to 24 months' probation and public service work.

On August 29, 1989, the State filed a petition to revoke defendant's probation alleging he committed robbery on April 9, 1989, in violation of section 18—1 of the Criminal Code of 1961 by taking a purse from Phyllis Casey by use of force. (Ill. Rev. Stat. 1987, ch. 38, par. 18—1.) On October 23, 1989, the State filed a supplemental petition to revoke defendant's probation. The supplemental petition stated:

> "The defendant has violated this condition of his probation in that he committed the offense of battery, in violation of Illinois Revised Statutes, Chapter 38, Section 12—3, in that on or about the 12th day of September, 1989, the said defendant without legal justification caused bodily harm to James M. Plummer in that he struck James M. Plummer in the face."

A hearing on both petitions took place on October 25, 1985. Defendant stipulated to a violation of probation as alleged in the supplemental petition. In exchange, the State dismissed the August 29, 1989, petition. Defendant agreed that the facts, if presented, would show that on September 12, 1989, he entered a hotel room occupied by his former girlfriend and Plummer. Defendant hit Plummer on the nose, causing it to bleed. The court found defendant had violated his probation by committing battery as alleged in the supplemental petition. The court set a date for resentencing.

A resentencing hearing occurred on November 17, 1989. Prior to the hearing, the trial judge stated defendant had been in the court-

room but left prior to the call of his case. Although a search of the building had taken place, defendant had not been located. The judge stated that since defendant had been physically present in the courtroom, he had notice of the hearing. The sentencing hearing proceeded and the court sentenced defendant to four years' imprisonment for the aggravated battery.

Defendant initially argues it was reversible error to resentence him in his absence because he had never been advised of that possibility pursuant to section 113—4(e) of the Code of Criminal Procedure of 1963 (Code) (Ill. Rev. Stat. 1987, ch. 38, par. 113—4(e)). The record refutes defendant's contention. The trial court twice advised defendant that the trial would proceed in his absence if he failed to appear at any hearing in the matter.

■■ Section 113—4(e) of the Code requires the defendant be admonished of the consequences of his absence from trial. (*People v. Partee* (1988), 125 Ill. 2d 24, 530 N.E.2d 460.) However, the defendant need not be specifically admonished that sentencing can occur in his absence. A sentencing hearing is a part of the trial. Therefore, notice that the trial can proceed in a defendant's absence is notice that sentencing may occur in his absence. *People v. Collins* (1982), 109 Ill. App. 3d 1076, 441 N.E.2d 935.

■■■ Defendant next argues the supplemental petition to revoke probation was fatally defective because it failed to allege a mental state for battery. Defendant did not challenge the sufficiency of the petition below. Therefore, he has waived review of this issue. (*In re D.L.B.* (1981), 102 Ill. App. 3d 75, 429 N.E.2d 615.) On the merits, the petition sufficiently alleged defendant committed battery. In a petition to revoke probation, a defendant is entitled to be informed of the claimed offending conduct, but the specificity of an indictment or information is not necessary. (*People v. Carter* (1988), 165 Ill. App. 3d 169, 518 N.E.2d 1068; *People v. Monick* (1977), 51 Ill. App. 3d 783, 367 N.E.2d 225.) Although the petition did not allege defendant knowingly or intentionally struck Plummer, it did allege defendant's conduct was without legal justification. It also alleged defendant's conduct constituted battery. These allegations would sufficiently apprise defendant of the mental state of the battery offense.

Defendant's reliance on *People v. Link* (1981), 98 Ill. App. 3d 208, 424 N.E.2d 101, is misplaced. In *Link*, the petition to revoke alleged defendant committed harassment by telephone by making annoying phone calls. However, the supreme court in *People v. Klick* (1977), 66 Ill. 2d 269, 362 N.E.2d 329, had ruled the proscription against "annoying" calls was overly broad and unconstitutional. The appellate

court in *Link*, thus, found the petition to revoke was fatally defective. The same factors are not present in the instant case.

For the above reasons, we affirm the trial court.

Affirmed.

LUND and STEIGMANN, JJ., concur.