THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
DAVID THOMAS, Defendant-Appellant.

First District (2nd Division)   No. 1—89—2391

Opinion filed June 28, 1991.

Randolph N. Stone, Public Defender, of Chicago (Mark Stein, Assistant
Public Defender, of counsel), for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Renee Goldfarb, Jane Loeb, and Joseph W. Colaianne, Assistant State's Attorneys, of counsel), for the People.

JUSTICE DiVITO delivered the opinion of the court:

Defendant David Thomas was charged with unlawful possession with intent to deliver more than 1 but less than 15 grams of a substance containing cocaine. (Ill. Rev. Stat. 1987, ch. 56½, par. 1401(b)(2).) After a bench trial in the circuit court of Cook County, he was found guilty of the lesser included offense of possession (Ill. Rev. Stat. 1987, ch. 56½, par. 1402(b)), and sentenced *in absentia* to a term of three years' imprisonment. In this appeal, defendant contends that the sentence imposed by the court was improper because he had not been admonished that sentencing could proceed in his absence.

At trial, police officers John Rossi and Lawrence Heis testified that they were on routine patrol shortly after midnight on September 22, 1988, when they heard gunshots. As they proceeded in the direction of the shots, they observed defendant and another man standing on the corner of 56th and Laflin in Chicago. The officers alighted from their car and announced their office. Both men fled and the officers pursued. Both defendant and his companion dropped plastic bags containing small plastic packages of white powder to the ground. Officer Heis recovered these bags as Officer Rossi continued to pursue the men; defendant was apprehended within a block. The parties stipulated to the proper chain of custody of the recovered material and the chemical analysis performed on it, which showed that the bag dropped by defendant contained 1.32 grams of a substance containing cocaine.

Defendant denied the activity ascribed to him by the police officers and stated that he was returning to his home from the store when the police arrived on the scene. He also stated that there were five other persons in the same area who fled when the officers arrived. In rebuttal, the State introduced three certified copies of defendant's prior convictions, two for theft and one for burglary.

The trial court found defendant guilty of the lesser included offense of possession of cocaine and set the matter for sentencing after denying the State's motion to revoke defendant's bond. When the case was called for sentencing and defendant did not appear, a bond forfeiture was entered and a warrant issued. The court announced a judgment date of August 3, 1989, when defendant would be sentenced whether or not he was in court. Defendant failed to appear on the ap-

pointed date, and, after defense counsel apprised the court of his own unsuccessful efforts to locate him, arguments were presented in aggravation and mitigation. At their conclusion, the court sentenced defendant to three years' imprisonment. The record shows that this sentence was based on the information brought to the attention of the court in that proceeding and on defendant's failure to appear. Defense counsel filed a timely notice of appeal from that judgment. Defendant was subsequently taken into custody and imprisoned in accordance with the sentence that had been imposed in his absence. In this appeal, defendant contends that the trial court erred in sentencing him *in absentia* when he had not been admonished of this possibility beforehand.

In response, the State maintains that this court should not entertain defendant's argument because neither the record nor defendant's brief indicates that he has requested a hearing in the trial court pursuant to section 115—4.1(e) of the Code of Criminal Procedure of 1963 (the Code) to determine whether he is entitled to a new sentencing hearing. (Ill. Rev. Stat. 1987, ch. 38, par. 115—4.1(e).) In addition, the State maintains that the trial court was not required to admonish defendant of the possibility of being sentenced *in absentia*.

■ In Illinois, provisions for *in absentia* proceedings are set forth in section 115—4.1 of the Code. Subsection (e) of that section provides that a defendant who has been convicted or sentenced *in absentia* may seek a new trial or sentencing hearing provided that he can establish that his failure to appear in court was without his fault and due to circumstances beyond his control. (Ill. Rev. Stat. 1987, ch. 38, par. 115—4.1(e).) The Illinois Supreme Court has recently held that a section 115—4.1(e) motion is, in effect, a collateral attack upon a final judgment, rather than a procedural step in the direct appeal of that judgment; and, accordingly, such a motion does not affect the jurisdiction of the appellate court over the direct appeal. (*People v. Partee* (1988), 125 Ill. 2d 24, 35-36, 530 N.E.2d 460.) Under this ruling, we conclude that defendant's failure, in the case at bar, to file a section 115—4.1(e) motion has no effect upon the jurisdiction of this court to consider defendant's direct appeal of the judgment which was entered on his criminal conviction (*People v. Partee*, 125 Ill. 2d 24, 530 N.E.2d 460; see also *People v. Coppage* (1989), 187 Ill. App. 3d 436, 543 N.E.2d 269) and that the State's argument to the contrary is without merit.

We turn then to the substantive issue raised by defendant: whether the trial court must admonish defendant of the possibility that he may be sentenced *in absentia* before sentence may be im-

posed in his absence. Defendant's argument is based on section 113—4(e) of the Code, which provides as follows:

"If a defendant pleads not guilty, the court shall advise him at that time or at any later court date on which he is present that if he escapes from custody or is released on bond and fails to appear in court when required by the court that his failure to appear would constitute a waiver of his right to confront the witnesses against him and trial could proceed in his absence." Ill. Rev. Stat. 1987, ch. 38, par. 113—4(e).

Our supreme court has held that the admonishments required by section 113—4(e) are necessary to begin or to conclude a trial in the absence of the defendant. (*People v. Partee*, 125 Ill. 2d 24, 530 N.E.2d 460.) Although the United States Supreme Court has determined that a defendant who flees during trial may be tried and sentenced *in absentia* even if he has not been specifically informed that these are possible consequences of his flight (*Taylor v. United States* (1973), 414 U.S. 17, 38 L. Ed. 2d 174, 94 S. Ct. 194), in Illinois, a defendant has a statutory right to be informed of the possibility of a trial *in absentia* and, in the absence of such notice, trial *in absentia* may not occur. *People v. Partee*, 125 Ill. 2d 24, 530 N.E.2d 460.

■ We conclude that the supreme court's holding in *Partee,* that the statutory right to notice embodied in section 113—4(e) applies to the initiation of trials *in absentia* as well as to the *in absentia* continuation of trials, requires a holding that *in absentia* admonitions apply to sentencing procedures as well. We read *Partee* as requiring the admonitions of section 113—4(e) for all proceedings under section 115—4.1. Though neither of the statutory provisions contains an express directive or mandate that the circuit court specifically advise a defendant of the possibility of being sentenced *in absentia*, we conclude that, in the absence of an admonishment that trial or sentencing could proceed in defendant's absence, sentencing *in absentia* constitutes error. See *People v. Smith* (1990), 202 Ill. App. 3d 606, 560 N.E.2d 399.

In *People v. Smith*, the court considered the propriety of a defendant's resentencing *in absentia* after that defendant had been found in violation of his probation. The *Smith* court determined that the defendant need not be specifically admonished that sentencing could occur in his absence. In so doing, the court reasoned that the sentencing hearing is a part of the trial, and that notice that the trial could proceed in the defendant's absence is also notice that sentencing might occur under this same condition. (*People v. Smith*, 202 Ill. App. 3d at 608.) In reaching that decision, the *Smith* court cited its prior

determination in *People v. Collins* (1982), 109 Ill. App. 3d 1076, 441 N.E.2d 935, that separate notice was not required where notice had already been given that trial could proceed in a defendant's absence.

Our conclusion in this case is supported by the fact that the *Smith* court did not base its decision upon the fact that no *in absentia* admonitions were necessary. Rather, *Smith* concludes that admonitions relating to absence at trial satisfied requirements for *in absentia* sentencing procedures. In so holding, *Smith* implicitly states that some admonitions are statutorily necessary for *in absentia* sentencing.

In the case at bar, the record filed on appeal does not reflect that a section 113—4(e) admonition was given to defendant. The record shows that defendant was present at trial, that he was represented by counsel, and that he was afforded and exercised his rights to confront the witnesses against him, and, in fact, testified in his own behalf; however, the record does not reflect that defendant was advised of the possibility of trial *in absentia*.

We agree with the *Smith* court that, in its broadest sense, an admonition concerning trial may include any proceedings held in conjunction with the charge at issue. Here, however, defendant was apprised neither of the possibility of trial nor of sentencing *in absentia*. Notwithstanding *Taylor v. United States*, we conclude that the rationale of *People v. Partee* requires that, to validate *in absentia* sentencing procedures, the circuit court inform a defendant of the possibility of either trial or sentencing *in absentia*. Accordingly, we find that defendant's rights, conferred upon him by statute, were violated. Ill. Rev. Stat. 1987, ch. 38, pars. 115—4.1, 113—4(e).

The sentence imposed by the circuit court of Cook County is therefore vacated and the cause is remanded for a new sentencing hearing.

Affirmed in part; vacated in part and remanded.

SCARIANO and COCCIA, JJ., concur.