THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, v. BERNARD J. CONDON, Petitioner-Appellant.

Second District   No. 2—93—0369

Opinion filed May 2, 1995.

G. Joseph Weller and Paul Alexander Rogers, both of State Appellate Defender's Office, of Elgin, for appellant.

Anthony M. Peccarelli, State's Attorney, of Wheaton (William L. Browers and Lisa A. Hoffman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE INGLIS delivered the opinion of the court:

Petitioner, Bernard Condon, appeals the order of the circuit court of Du Page County dismissing his amended petition for post-conviction relief. We affirm.

On November 7, 1985, petitioner was charged by complaint with the offense of unlawful delivery of a controlled substance (Ill. Rev. Stat. 1985, ch. 56$^{1}$/$_{2}$, par. 1401(a)(2) (now codified, as amended, at 720 ILCS 570/401(a)(2) (West 1992))). After a preliminary hearing, he was bound over for arraignment. On December 10, 1985, petitioner was charged by information with unlawful possession of a controlled substance with intent to deliver (Ill. Rev. Stat. 1985, ch. 56$^{1}$/$_{2}$, par. 1401(a)(2) (now codified, as amended, at 720 ILCS 570/401(a)(2)(A) (West 1992))) and unlawful possession of a controlled substance (Ill. Rev. Stat. 1985, ch. 56$^{1}$/$_{2}$, par. 1402(a)(2) (now codified, as amended, at 720 ILCS 570/402(a)(2)(A) (West 1992))) in connection with the same incident. That day he was arraigned, and he signed a written acknowledgement of the fact that his failure to appear for a court date could result in trial *in absentia*. Petitioner was represented by attorney Christopher Edmonds at both hearings.

On July 1, 1986, Edmonds withdrew as counsel and was replaced by attorney Bruce Fawell. On September 22, 1987, petitioner was orally admonished that his failure to appear for a court date could

result in the proceedings going forward without him. On October 14, 1987, petitioner was indicted for the additional offense of armed violence (Ill. Rev. Stat. 1985, ch. 38, par. 33A—2 (now 720 ILCS 5/33A—2 (West 1992))), based on the same incident for which he was previously charged. On November 24, 1987, the court entered an order setting trial for December 2, 1987.

Petitioner failed to appear for trial on December 2, and a hearing was held that day, pursuant to section 115—4.1 of the Code of Criminal Procedure of 1963 (Code) (Ill. Rev. Stat. 1985, ch. 38, par. 115—4.1 (now 725 ILCS 5/115—4.1 West 1992))), to determine whether he should be tried *in absentia*. Finding that petitioner had been admonished and that his absence was willful, the court issued a warrant for his arrest. December 3 to 4, 1987, a jury trial was held in petitioner's absence. He was represented by attorneys Jeffrey and Bruce Fawell.

Testimony at trial indicated that on November 7, 1985, a DuPage County sheriff's deputy pulled over a car driven in an erratic manner by petitioner. While the deputy called in the stop, petitioner exited his vehicle and walked toward the squad car, hands in pockets. The deputy ordered petitioner to stay by his own car and to keep his hands in sight. Petitioner removed his hands from his pockets but continued toward the squad car.

While conversing with petitioner, the deputy noticed that his eyes were bloodshot, he smelled faintly of an alcoholic beverage, and he repeatedly returned his hands to his pockets despite the deputy's instructions to the contrary. The deputy administered field sobriety tests and then arrested petitioner for driving under the influence of alcohol or drugs. He then searched petitioner.

During the search, petitioner repeatedly attempted to put his hands into his jacket pockets. The search revealed $1,500 cash in petitioner's pants pocket and a loaded .22-caliber semiautomatic pistol in his jacket pocket. At no time did petitioner use or clearly threaten to use the gun. He was polite and cooperative during the incident, except that he would not keep his hands out of his pockets.

Securing petitioner in the squad car, the deputy searched petitioner's vehicle. There he found a bag containing a white substance later determined to be cocaine and a list of initials and numbers. Based on this testimony the jury convicted petitioner of armed violence, possession, and possession with intent to deliver.

On January 29, 1988, the court conducted petitioner's sentencing hearing in his absence. Again he was represented by Jeffrey Fawell. In aggravation the State presented evidence that drugs and guns had been seized under a warrant from petitioner's residence and that

petitioner had been actively engaged in the business of selling drugs for some time. Fawell presented no evidence in mitigation but argued petitioner's lack of criminal history and the lack of evidence linking petitioner to the residence wherein guns and drugs were found. Fawell directed the court to the presentence report in petitioner's file for information about his family, education, and employment.

The court sentenced petitioner to concurrent terms of 30 years for armed violence and possession with intent to deliver (maximum terms), merging the simple possession count into the possession with intent count. The court fined petitioner $10,000 for the armed violence charge and $50,000 for the drug charge. Fawell filed a prompt notice of appeal, and we dismissed the appeal. *People v. Condon* (2d Dist. Aug. 16, 1988).

Petitioner was arrested on March 9, 1989, pursuant to the warrant issued for his failure to appear for trial. On December 19, 1991, petitioner filed a *pro se* petition for post-conviction relief alleging, *inter alia*, that (1) petitioner failed to appear for trial because counsel had advised him that he did not need to appear; (2) the trial court failed to conduct a hearing pursuant to section 115—4.1 of the Code (Ill. Rev. Stat. 1985, ch. 38, par. 115—4.1 (now 725 ILCS 5/115—4.1 (West 1992))) to establish that petitioner was willfully absent; and (3) petitioner was denied the right to effective assistance of counsel at sentencing, where his attorney failed to notify his family of the sentencing date and failed to present evidence in mitigation.

The court appointed post-conviction counsel, who filed an amended petition with many issues, including the failure to hold a section 115—4.1 hearing, the incompetence issue, and the need for vacatur and resentencing since both offenses were predicated on the same act. The trial court granted the State's motion to dismiss the petition, but after a hearing on a motion to reconsider, the court vacated the drug conviction because it was the predicate offense to the armed violence conviction. The court otherwise denied the motion to reconsider. Petitioner appeals, contending that he was denied reasonable assistance of counsel at sentencing and during post-conviction proceedings and that the vacatur of the drug conviction necessitates a new sentencing hearing.

In Illinois, a post-conviction petitioner has a statutory right to the reasonable assistance of counsel. (*People v. Flores* (1992), 153 Ill. 2d 264, 276.) Petitioner asserts that post-conviction counsel was ineffective in failing to challenge the *in absentia* nature of the trial on grounds other than the failure to hold a section 115—4.1 hearing.

To sustain a claim of ineffective assistance of counsel, a petitioner must prove that counsel's performance was professionally deficient

and that, but for counsel's error, the outcome would have been different. (*Strickland v. Washington* (1984), 466 U.S. 668, 687, 694, 80 L. Ed. 2d 674, 693, 698, 104 S. Ct. 2052, 2064, 2068.) Petitioner concedes that since the State proved that a section 115—4.1 hearing was held, counsel did not err in abandoning the argument to the contrary. He now contends that post-conviction counsel was ineffective in failing to attack the *in absentia* nature of the proceedings on the ground that petitioner was never orally admonished of the fact that failure to appear could result in trial *in absentia*.

At his arraignment petitioner signed a form acknowledging that failure to appear would result in trial *in absentia*. The form reads in relevant part:

"I understand each of the following:

1. The proceedings against me are criminal.

2. I have the right to be present at every stage of the proceedings.

3. *I WAIVE THAT RIGHT* if I fail to appear or be present.

4. I may be tried in my absence.

5. I may be sentenced in my absence.

6. I cannot later complain that I did not have my day in court."

(Emphasis in original.)

Citing *People v. Green* (1st Dist. 1989), 190 Ill. App. 3d 271, and *People v. Lester* (4th Dist. 1988), 165 Ill. App. 3d 1056, petitioner contends that this written admonition alone is inadequate and oral admonitions are required. Those cases do hold that section 113—4(e) of the Code (Ill. Rev. Stat. 1985, ch. 38, par. 113—4(e) (now 725 ILCS 5/113—4(e) (West 1992))) requires oral admonitions. *Green*, 190 Ill. App. 3d at 274; *Lester*, 165 Ill. App. 3d at 1058.

This district, however, has not so held, and the supreme court case cited by petitioner, *People v. Garner* (1992), 147 Ill. 2d 467, leaves this an open question. In *Garner*, the defendant was not warned of the possibility of trial *in absentia*. (*Garner*, 147 Ill. 2d at 472-73.) The supreme court found inadequate proof of admonition in the fact that the defendant had signed a bond slip, where the bond slip made no mention of the possibility of trial *in absentia*. (*Garner*, 147 Ill. 2d at 478.) The court did not hold that oral admonitions are required or that written admonitions alone are insufficient to satisfy the requirements of section 113—4(e). (*Garner*, 147 Ill. 2d at 474-82.) Neither *Garner* (decided subsequent to *Green* and *Lester*) nor section 113—4(e) specifically requires *oral* admonitions, and we decline so to hold.

Moreover, petitioner did receive an oral admonition at a later proceeding. Admonitions may be given at a proceeding subsequent to arraignment. (Ill. Rev. Stat. 1985, ch. 38, par. 113—4(e) (now 725

ILCS 5/113—4(e) (West 1992)).) On September 22, 1986, in open court, the following dialogue transpired:

"THE COURT: All right. There was previously a non-appearance by the Defendant. The Defendant has already previously been admonished that if he doesn't appear, he is subject to the issuance of a warrant, and also the proceedings can go forward in his absence.

Tell me your name, please, sir.

DEFENDANT CONDON: Bernard Condon.

THE COURT: Mr. Condon, you understand it is your obligation to appear in court on whatever court date is set, and not the obligation of the attorney or clerk or anyone else to tell you; it is your obligation to find out what that date is and to be here; do you understand that?

DEFENDANT CONDON: Yes, sir."

Petitioner contends that this oral admonition does not satisfy the requirements of section 113—4(e) of the Code (Ill. Rev. Stat. 1985, ch. 38, par. 113—4(e) (now 725 ILCS 5/113—4(e) (West 1992))), because the court said that "the proceedings can go forward," not that the *trial* could go forward. The admonition is further deficient, he argues, because it refers to "whatever court date is set" without defining "set."

■ We find these arguments to be without merit. Although this admonition presumes an understanding of the words "proceedings" and "set," the trial court did limit the context to the discussion of petitioner's prior admonition (presumably the written one), which does specify that *trial* could go forward in petitioner's absence.

Substantial, not perfect, compliance with section 113—4(e) is required to legitimize a trial *in absentia*. (*People v. Coppage* (1989), 187 Ill. App. 3d 436, 442; *People v. Broyld* (1986), 146 Ill. App. 3d 693, 698-99.) We find that the combination of the written admonition and the oral admonition constituted substantial compliance with section 113—4(e). We do not find that both written and oral admonitions are required. An admonition, written or oral, which advises a defendant of all the information required by section 113—4(e) will suffice to legitimize a trial *in absentia*. (See Ill. Rev. Stat. 1985, ch. 38, par. 113—4(e) (now 725 ILCS 5/113—4(e) (West 1992)).) Thus, counsel's decision not to attack the *in absentia* nature of the proceedings on this basis did not evidence professional inadequacy.

Next, petitioner attacks sentencing counsel's failure to present evidence in mitigation. He contends that counsel's failure to present family and friends as character witnesses evinced a lack of diligence. The State responds that the decision not to present these witnesses

was tactical, and we agree. Tactical decisions and trial strategy cannot support a claim of ineffective assistance. (*People v. Murphy* (1978), 72 Ill. 2d 421, 437.) There is a strong presumption that counsel's actions were the product of sound strategy and not incompetence. *People v. Matlock* (1992), 223 Ill. App. 3d 498, 503.

The record does not indicate a lack of diligence. Counsel knew petitioner's family and had continuing contact with them. It appears he recognized that the court would probably doubt the veracity of testimony to petitioner's dependability and respect for the law, in light of his continued absence. Counsel chose not to parade these people before the court, where doing so would only exacerbate the fact of petitioner's continued absence.

Petitioner's reliance on *People v. Perez* (1992), 148 Ill. 2d 168, is misplaced, because *Perez* is distinguishable. There, counsel ignored the defendant's history of mental illness and presented no evidence of his family background. (*Perez*, 148 Ill. 2d at 187-94.) The supreme court found that counsel had failed to investigate and that this failure probably resulted in the sentence of death rather than life imprisonment. *Perez*, 148 Ill. 2d at 194-96.

■ Here, by contrast, counsel knew petitioner's family and background. He decided to rely on documentary evidence and argument, rather than raise in the court's mind the question why counsel could obtain the presence of witnesses but not the presence of his client.

Thus, we do not find ineffective assistance in counsel's decision not to present testimony during sentencing. Petitioner knew he had the right to be present at all stages of the proceeding, including sentencing. Had he wanted a say in counsel's tactical approach to sentencing, he should have attended the hearing.

Finally, petitioner contends that, because the sentence for the drug offence was vacated, the sentence for armed violence must also be vacated. He reasons that the latter sentence is tainted by the former, because the court considered both offenses in passing sentence. Petitioner cites the leading case on the issue, *People v. Donaldson* (1982), 91 Ill. 2d 164, but he urges a novel interpretation.

In *Donaldson*, the supreme court held that resentencing on an armed violence conviction is unnecessary where the defendant received separate sentences for that offense and the vacated predicate offense. (*Donaldson*, 91 Ill. 2d at 170-71.) Petitioner asks that we look beyond the plain meaning of this holding and find a mandate to explore the weight afforded each sentence in the sentencing court's decision.

■ Petitioner's argument is unconvincing. We see no need for

broad interpretation of the clear and simple rule in *Donaldson*. The sentencing court imposed distinct sentences for the two convictions in this case. Therefore, the vacatur of the armed violence sentence is not warranted.

In sum, post-conviction counsel did not err in abandoning the attack on the *in absentia* nature of the trial, because a hearing was held in compliance with section 115—4.1 (Ill. Rev. Stat. 1985, ch. 38, par. 115—4.1 (now 725 ILCS 5/115—4.1 (West 1992))), and petitioner was admonished in compliance with section 113—4(e) (Ill. Rev. Stat. 1985, ch. 38, par. 113—4(e) (now 725 ILCS 5/113—4(e) (West 1992))). Sentencing counsel's decision not to call witnesses constituted a tactical decision not subject to attack as ineffective assistance. The vacatur of the drug conviction does not necessitate a new sentencing hearing, because separate sentences were imposed for each conviction.

For these reasons, the order of the circuit court of Du Page County is affirmed.

Affirmed.

GEIGER and RATHJE, JJ., concur.