THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. EZEKIEL PHILLIPS, Defendant-Appellant.

First District (2nd Division)   No. 1—04—2655

Opinion filed September 30, 2009.

Michael J. Pelletier, Patricia Unsinn, and Stephen L. Gentry, all of State Appellate Defender's Office, of Chicago, for appellant.

Anita M. Alvarez, State's Attorney, of Chicago (James E. Fitzgerald, Alan J. Spellberg, and Douglas P. Harvath, Assistant State's Attorneys, of counsel), for the People.

JUSTICE HOFFMAN delivered the opinion of the court:

This case returns to us following a remand from the supreme court. *People v. Patrick*, 233 Ill. 2d 62, 80-81, 903 N.E.2d 1 (2009). When last before us, we affirmed the defendant's convictions for armed violence and aggravated battery. *People v. Phillips*, 371 Ill. App. 3d 948, 955, 864 N.E.2d 823 (2007). However, on the basis that the defendant was sentenced *in absentia* without an admonishment by the trial judge of the possibility that he could be sentenced in his absence if he failed to appear in court when required, we vacated the defendant's sentences and remanded the case to the circuit court for a new sentencing hearing. *Phillips*, 371 Ill. App. 3d at 954. Thereafter, the defendant filed a petition for leave to appeal to the supreme court, which was granted. *People v. Phillips*, 224 Ill. 2d 588, 871 N.E.2d 60 (2007).

While the case was pending in the supreme court, the State sought cross-relief, contending that this court erred in remanding the matter to the circuit court for a new sentencing hearing. The State admitted that it had conceded the resentencing issue when the matter was initially before this court; nevertheless, the State sought and was

granted leave to file a supplement to the record before the supreme court consisting of the defendant's bail bond slip, which warned him of the possibility of trial and sentencing *in absentia* if he failed to appear in court when required. *Patrick*, 233 Ill. 2d at 80.

After discussing the issues before it, the supreme court held that, by not testifying, the defendant had failed to preserve for review the issue of whether the trial court erred in postponing its ruling on the defendant's pretrial motion *in limine* to exclude evidence of his prior convictions for purposes of impeachment until after the defendant had testified. However, the supreme court remanded the case to this court with directions that, following supplemental briefing, we reexamine the sentencing *in absentia* issue in light of the bond slip that is now part of the record on appeal. *Patrick*, 233 Ill. 2d at 80-81. For the reasons that follow, we again vacate the defendant's sentences and remand this case to the circuit court for a new sentencing hearing.

■ The right of a defendant to be present at all stages of his trial, including sentencing, is of constitutional dimension. *Snyder v. Massachusetts*, 291 U.S. 97, 105-06, 78 L. Ed. 674, 678, 54 S. Ct. 330, 332 (1934). However, a defendant who flees during trial waives his constitutional right to be present, and he may be tried and sentenced *in absentia* even if he has not been specifically warned of the possible consequences of his absence. *Taylor v. United States*, 414 U.S. 17, 18-20, 38 L. Ed. 2d 174, 177-78, 94 S. Ct. 194, 195-96 (1973). In Illinois, however, defendants have a statutory right to be admonished as to the possible consequences of failing to appear in court when required. Section 113—4(e) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/113—4(e) (West 2002)) provides, in relevant part:

"If a defendant pleads not guilty, the court shall advise him at that time or at any later court date on which he is present that if he *** is released on bond and fails to appear in court when required by the court that his failure to appear would constitute a waiver of his right to confront the witnesses against him and trial could proceed in his absence." 725 ILCS 5/113—4(e) (West 2002).

In the absence of a section 113—4(e) admonishment, a defendant may not be tried or sentenced *in absentia*. See *People v. Partee*, 125 Ill. 2d 24, 38-41, 530 N.E.2d 460 (1988); *People v. Thomas*, 216 Ill. App. 3d 405, 408, 576 N.E.2d 352 (1991).

In this case, the defendant was present during the entire course of his trial. However, he failed to appear in court during the jury's deliberations, and he was not present when the verdicts were returned. Following the denial of a posttrial motion for a new trial, which was presented by counsel in the defendant's absence, the defendant was sentenced *in absentia*. The State concedes that the record does not

reflect that the trial court ever admonished the defendant of the possibility of being tried and sentenced *in absentia* if he failed to appear in court, as required by section 113—4(e) of the Code. Nevertheless, the State argues that the defendant's signature on a bail bond slip constituted a valid waiver of the right to receive a section 113—4(e) admonishment.

The record now reflects that the defendant signed a bail bond slip, which contained several provisions relating to the possible consequences of his failure to appear in court. On the front of the bond slip, the following provision appears:

> "STATEMENT OF THE DEFENDANT. I understand and accept the terms and conditions set forth below and on the reverse side of this bail bond. Further, I hereby certify that I understand the consequences of failure to appear for trial as required."

The following language appears on the reverse side of the bond slip:

> "You are hereby advised that if at any time prior to final disposition of the charge you escape from custody, or are released on bond and you fail to appear in court when required by the court, your failure to appear would constitute a waiver of your rights to confront the witnesses against you and the trial could proceed in your absence. If found guilty you could be sentenced in your absence."

In *People v. Garner*, 147 Ill. 2d 467, 590 N.E.2d 470 (1992), the supreme court rejected an argument that a printed notice on a bond slip warning of the penalties for the defendant's failure to be present for trial satisfied the requirements of section 113—4(e). *Garner*, 147 Ill. 2d at 478-79. However, unlike the bond slip signed by the defendant in this case, the bond slip signed by the defendant in *Garner* did not contain any warning of the possibility of trial *in absentia* in the event that the defendant failed to appear in court when required. *Garner*, 147 Ill. 2d at 478. The supreme court in *Garner* was careful to point out that it was not prepared to say that no set of circumstances will result in the waiver of a defendant's right to receive the section 113—4(e) admonishments. *Garner*, 147 Ill. 2d at 480. The court did note, however, that section 113—4(e) of the Code directs the trial court to admonish the defendant and that no exemption from the admonishment requirement exists. *Garner*, 147 Ill. 2d at 479.

In *People v. Lester*, 165 Ill. App. 3d 1056, 519 N.E.2d 1127 (1988), the court addressed and rejected an argument by the State that the printed notice on a bond slip of the possibility that the defendant could be tried *in absentia* satisfied the requirements of section 113—4(e) of the Code. *Lester*, 165 Ill. App. 3d at 1057-58. The *Lester* court noted, as did the supreme court in *Garner*, that the statute unambigu-

ously provides that the trial court shall advise the defendant in court of the possibility of a trial *in absentia*. *Lester*, 165 Ill. App. 3d at 1057-58. The court went on to hold that, where the statute unambiguously requires the trial court to orally admonish the defendant in court of the possibility that he might be tried *in absentia* if he failed to appear in court as required, "the complete failure to comply with this requirement is not sufficient compliance with the statute." *Lester*, 165 Ill. App. 3d at 1058; see also *People v. Green*, 190 Ill. App. 3d 271, 274, 546 N.E.2d 648 (1989).

We are mindful that in *People v. Condon*, 272 Ill. App. 3d 437, 651 N.E.2d 226 (1995), the court declined to hold that section 113—4(e) specifically requires oral admonishments of the possibility of trial *in absentia*. *Condon*, 272 Ill. App. 3d at 441. Strictly speaking, the *Condon* court was correct in holding that the statute does not require oral admonishments. See 725 ILCS 5/113—4(e) (West 2002). What the statute does unambiguously require, however, is that the *court* admonish the defendant at the time of his arraignment or on any later court date on which he is present. 725 ILCS 5/113—4(e) (West 2002). We believe, therefore, that the holdings in *Lester* and *Green* represent the better statement of the law, and we find no reason to deviate from the reasoning in those cases.

On the question of waiver, the *Lester* court concluded that, because waiver assumes knowledge, a defendant who has not received notice of the possibility of trial *in absentia* as required by section 113—4(e) of the Code cannot be deemed to have knowingly waived his right to be present at trial. *Lester*, 165 Ill. App. 3d at 1058-59. The reasoning in *Lester* on this point was specifically adopted by the supreme court in *Garner*. *Garner*, 147 Ill. 2d at 481-82.

■ In this case, the trial court never admonished the defendant, orally or otherwise, that his failure to appear in court as required could possibly result in his being tried or sentenced *in absentia*. Based upon the foregoing analysis, we conclude, that, notwithstanding the notice set forth in the defendant's bail bond slip, the admonishment requirement of section 113—4(e) was not complied with, and the defendant did not waive his right to be present when sentenced.

When, as in this case, the requirements of section 113—4(e) of the Code have not been complied with and the defendant has, nevertheless, been sentenced *in absentia*, the appropriate remedy is to vacate the defendant's sentence and remand the cause to the circuit court for a new sentencing hearing. *Thomas*, 216 Ill. App. 3d at 409.

Sentences vacated and cause remanded.

CUNNINGHAM, P.J., and KARNEZIS, J., concur.