Docket No. 109413.

# IN THE
# SUPREME COURT
# OF
# THE STATE OF ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. EZEKIEL PHILLIPS, Appellee.

*Opinion filed March 24, 2011.*

JUSTICE THEIS delivered the judgment of the court, with opinion.

Chief Justice Kilbride and Justices Freeman and Burke concurred in the judgment and opinion.

Justice Thomas dissented, with opinion, joined by Justices Garman and Karmeier.

## OPINION

This case is before us for the second time. At issue in this appeal is whether defendant waived his right to receive admonishment under section 113–4(e) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/113–4(e) (West 2000)) based upon a signed bail bond slip, which warned him on the back of the slip of the possibility that he could be tried or sentenced *in absentia* if he did not appear in court as required. The appellate court vacated defendant's sentence, and remanded to the trial court for a new sentencing hearing, after concluding that the requirements of section 113–4(e) had not been met. 394 Ill. App. 3d 808. For the reasons set forth below, we affirm

the judgment of the appellate court.

## BACKGROUND

Defendant, Ezekiel Phillips, was charged by indictment with attempted first degree murder (720 ILCS 5/8–4, 9–1 (West 2000)), armed violence (720 ILCS 5/33A–2(a) (West 2000)), and three counts of aggravated battery (720 ILCS 5/12–4(a), (b)(1), (b)(8) (West 2000)). Defendant was arraigned on July 31, 2000, and subsequently posted bond on May 3, 2001. The following notice appears, in pertinent part, on the back of the bail bond slip that was executed on the day of defendant's release on bond:

> "FELONY DEFENDANTS: You are hereby advised that if at any time prior to the final disposition of the charge you escape from custody, or are released on bond and you fail to appear in court when required by the court, your failure to appear would constitute a waiver of your rights to confront the witnesses against you and trial could proceed in your absence. If found guilty you could be sentenced in your absence."

On the front side of the slip, defendant's signature appears under the following language:

> "STATEMENT OF DEFENDANT. I understand and accept the terms and conditions set forth below and on the reverse side of this bail bond. Further, I hereby certify that I understand the consequences of failure to appear for trial as required."

Also on the front side of the bond slip, at the bottom, is the signature of a deputy clerk of the court under the representation that "[t]he above conditions and certification of defendant have been taken, entered into and acknowledged before me. Defendant is hereby released from custody."

Defendant was present in court for his arraignment and on other dates prior to when he posted bond. Nothing in the record indicates that the trial court provided him with section 113–4(e) admonishment at the time of his arraignment, or on any court date thereafter. Following a jury trial in the circuit court of Cook County, defendant was found not guilty of attempted first degree murder, but guilty of

armed violence and aggravated battery. Defendant was present during the entire course of his jury trial, but he was not present when the verdicts were returned. Following the denial of a posttrial motion for a new trial, which was presented by defense counsel in defendant's absence, defendant was sentenced *in absentia* to life imprisonment for the armed violence conviction and five years' imprisonment for each of the three aggravated battery convictions, to merge and run concurrently.

The appellate court affirmed defendant's convictions and remanded the cause to the trial court for a new sentencing hearing because the record did not reflect that defendant had been admonished by the trial judge as required by section 113–4(e) of the Code. *People v. Phillips*, 371 Ill. App. 3d 948 (2007). This court granted defendant's petition for leave to appeal on the issue of whether a trial court may defer ruling on a motion *in limine* to exclude a defendant's prior convictions as impeachment. We consolidated defendant's appeal with another case raising the same issue. See *People v. Patrick*, 233 Ill. 2d 62 (2009). While that matter was pending before this court, the State located the original bail bond slip executed on May 3, 2001. The State was granted leave by this court to supplement the record with the bond slip and the document formed the basis for the State's request for cross-relief. This court affirmed defendant's convictions. We held that by not testifying defendant failed to preserve his right of appellate review of the issue of whether the trial court erred by refusing to rule, until after he testified, on his motion *in limine* to exclude evidence of his prior convictions for impeachment purposes. *Patrick*, 233 Ill. 2d at 79. We remanded the cause to the appellate court for the sole purpose of reexamining the sentencing issue in light of the bail bond slip. *Patrick*, 233 Ill. 2d at 80.

The appellate court again vacated defendant's sentence and remanded the matter to the trial court for a new sentencing hearing. The appellate court concluded that, notwithstanding the notice set forth in defendant's bail bond slip, the requirements of section 113–4(e) of the Code had not been met because the trial court had not admonished defendant, orally or otherwise, that his failure to appear in court as required could result in him being sentenced in his absence. 394 Ill. App. 3d at 812. We subsequently granted the State's petition for leave to appeal. Ill. S. Ct. R. 315 (eff. Feb. 26, 2010).

ANALYSIS

The State contends that defendant's signature on the bail bond slip, which includes language on the back of the form that is consistent with that found in section 113–4(e) of the Code, should operate as a valid waiver of his right to receive the admonishment again in court because the prophylactic purpose of this section of the Code was achieved by the notice contained on the slip. The State argues that only substantial compliance with section 113–4(e) is required to legitimize a trial *in absentia,* which occurred in this case due to the language contained on the back of the bond slip. The State further contends that the act of defendant signing the bond slip was a more formal procedure than simply hearing the same admonishment recited by the court at the time of his arraignment and, moreover, it was signed and certified by a deputy clerk of the court. Because the question of whether defendant waived his right to receive section 113–4(e) admonishment under the circumstances of this case presents strictly a question of law, our review proceeds *de novo*. See *In re D.S.*, 198 Ill. 2d 309, 321 (2001).

As a constitutional matter, a defendant has a right to be present at all stages of his trial, including sentencing. *Snyder v. Massachusetts*, 291 U.S. 97, 105-06 (1934). A defendant's voluntary absence from trial may be construed as an effective waiver of his constitutional right to be present and he may be tried and sentenced *in absentia*, even if he is not specifically warned that this is a possible consequence of his absence. *Taylor v. United States*, 414 U.S. 17, 18-20 (1973). As recognized by the appellate court, however, a defendant in Illinois has a statutory right under section 113–4(e) of the Code to be admonished as to the possible consequences of failing to appear in court when required. 394 Ill. App. 3d at 810.

Section 113–4(e) is contained in article 113 of the Code, which governs arraignment. Arraignment has been defined by our legislature as "the formal act of calling the defendant into open court, informing him of the offense with which he is charged, and asking him whether he is guilty or not guilty." 725 ILCS 5/102–4 (West 2000). Consistent with this definition, section 113–1 of the Code provides, in relevant part, that "[b]efore any person is tried for the commission of an offense he shall be called into open court, informed of the charge against him, and called upon to plead thereto." 725 ILCS 5/113–1

-4-

(West 2000). Arraignment presents an almost certain opportunity to have the defendant present before the court. *People v. Garner*, 147 Ill. 2d 467, 481 (1992).

Section 4 of article 113 of the Code governs when a defendant is called upon to plead at arraignment. This section provides, in relevant part, that "the defendant shall be furnished with a copy of the charge and shall plead guilty, guilty but mentally ill, or not guilty" and "[i]f the defendant pleads guilty such plea shall not be accepted until the court shall have fully explained to the defendant the consequences of such plea." 725 ILCS 5/113–4(a), (c) (West 2000). Subsection (b) addresses the consequences of when a defendant stands mute when called upon to plead while subsection (d) specifies the requirements for when a defendant pleads guilty but mentally ill. 725 ILCS 5/113–4(b), (d) (West 2000). Finally, subsection (e), at issue here, provides, in relevant part:

> "If a defendant pleads not guilty, the court shall advise him at that time or at any later court date on which he is present that if he *** is released on bond and fails to appear in court when required by the court that his failure to appear would constitute a waiver of his right to confront the witnesses against him and trial could proceed in his absence." 725 ILCS 5/113–4(e) (West 2000).

Consequently, the admonishment requirement found in section 113–4(e) applies only to a defendant when he appears in open court and pleads not guilty at the time of his arraignment, or is present in court at any later date after his arraignment. This admonishment requirement applies even in the case of a defendant who flees during trial, as opposed to prior to trial. *People v. Partee*, 125 Ill. 2d 24, 41 (1988).

As this court has previously explained, the warning contained in section 113–4(e) is "part of a complex series of tradeoffs designed to balance the defendant's right to be present at trial, the State's interest in the expeditious administration of justice," and the long-standing principle that courts distrust trial *in absentia* because of its inherent unfairness to a defendant. *Partee*, 125 Ill. 2d 24, 40 (1988). This court has also recognized that "[t]he primary purpose of section 113–4(e), as evidenced by the legislative history, is to prevent 'bail jumping' and to promote the speedy satisfaction of judgment." *Garner*, 147 Ill. 2d

at 481 (citing 81st Ill. Gen. Assem., House Proceedings, May 25, 1979, at 151 (statements of Representative Kosinkski), at 153 (statements of Representative McAuliffe). This court has further recognized that "*Partee* cited, approvingly, those appellate court cases which have interpreted the word 'shall' in section 113–4(e) as mandatory." *Garner*, 147 Ill. 2d at 480. Therefore, "while *Partee* gave cognizance to the possible interpretation of the word 'shall' as being directory, it apparently viewed the use of the word 'shall' in section 113–4(e) as mandatory." *Garner*, 147 Ill. 2d at 480.

In *Garner*, this court stated that the section 113–4(e) admonishment serves as the procedural mechanism to effect a formal waiver of a defendant's right to be present. *Garner*, 147 Ill. 2d at 483. Consequently, before a trial may proceed *in absentia*, the court must inform the defendant of his right to be present and the defendant must have knowingly and intelligently waived that right. *Garner*, 147 Ill. 2d at 483. Absent such a knowing and intelligent waiver, the defendant's statutory right to be informed that he could be tried in his absence is violated. *Garner*, 147 Ill. 2d at 483. This court also held that it is the intent of the legislature that section 113–4(e) admonishment be given at the time of arraignment and explained that the admonishment is most effective at that time when the defendant is also being informed of other significant protections, such as the right to counsel and the right to a jury trial. *Garner*, 147 Ill. 2d at 481, 482.

This court considered in *Garner* whether the defendant had waived his right to receive the section 113–4(e) admonishment because he had signed a bond slip that contained a printed notice warning him of the penalty of his failure to be present at trial. *Garner*, 147 Ill. 2d at 478. We rejected that argument after reviewing the bond slip and noting that while it provided a warning of the penalties for failure to appear, it did not provide any warning of the possibility of trial *in absentia*. *Garner*, 147 Ill. 2d at 478. We observed that:

> "Noticeably absent from the slip, however, is any warning of the possibility of trial *in absentia*. Thus, we find that the bond slip does not satisfy the requirement of section 113–4(e). *Cf.* 17 Ariz. Rev. Stat. Ann., Form VI, at 737 (1987) (warning of possibility of trial *in absentia* included on bond slip which defendant was required to sign upon release)." *Garner*, 147 Ill. 2d at 478-79.

-6-

While this court was not prepared to say that no set of circumstances would result in the waiver of a defendant's right to receive the admonishment in court, we ultimately concluded that the trial court committed reversible error by failing to admonish the defendant pursuant to section 113–4(e) at the time of his arraignment. *Garner*, 147 Ill. 2d at 480, 483-84.

The State's position in this case has been rejected in two appellate court decisions. In *People v. Lester*, 165 Ill. App. 3d 1056 (1988), the defendant was tried and sentenced *in absentia*, and at no time did the trial court orally admonish him of the possibility of trial in his absence. Similar to this case, the State maintained that the defendant had adequate notice of the possibility of trial in his absence because the admonishment was contained on printed bond slips which the defendant was twice required to execute. The *Lester* court concluded that section 113–4(e) unambiguously requires the trial court to orally admonish the defendant in court and that the complete failure to comply with this portion of the statute did not constitute sufficient compliance with the Code. *Lester*, 165 Ill. App. 3d at 1057-59. The *Lester* court also found that "[b]ecause waiver assumes knowledge, a defendant who has not received notice of the possibility of trial *in absentia* cannot be deemed to have knowingly waived his right to be present at trial." *Lester*, 165 Ill. App. 3d at 1059.

Likewise, in *People v. Green*, 190 Ill. App. 3d 271 (1989), the defendant did not appear at trial and the State argued on appeal that the requirements of section 113–4(e) had been met, even though the defendant had not been warned by the court, because he had signed a bond slip which contained a printed notice warning him of the possibility of trial *in absentia*. The *Green* court concluded that the defendant must be orally warned in person by the court and that the warning provided on the bond slip did not satisfy the requirements of section 113–4(e). *Green*, 190 Ill. App. 3d at 272-74.

We find that section 113–4(e) unambiguously requires the trial court to admonish a defendant in open court and reject the State's claim that defendant waived his right to be admonished by a trial judge based upon the signed bond slip in this case. Defendant was required to sign the bond slip as a condition of his release from jail, which is a far different circumstance than a defendant voluntarily relinquishing a known statutory right in court. We agree with the reasoning of the

appellate court in *Lester* and *Green* and conclude that a warning provided outside the presence of the court through language contained on a bond slip does not constitute a blanket waiver precluding the need for *any* section 113–4(e) admonishment by the trial judge. Contrary to the State's reliance on *Garner*, this court did not hold that a form similar to the one used in Arizona would amount to a valid waiver of the statutory requirement without any admonishment by the trial court but, rather, used it comparatively to point out that the bond slip in that case did not even contain the warning encompassed in section 113–4(e).

We disagree with the State's contention that due to the notice contained on the back of the bond slip, this case presents an issue of substantial rather than strict compliance with the Code. Based upon *Garner*, when a trial judge does not admonish a defendant in any way under section 113–4(e) at the time of his arraignment, or at any later court date that he is present, and there has not been a valid waiver of the statutory requirement, there cannot be substantial compliance with the Code. The signature of defendant and a deputy clerk on the bond slip does not change the statutory requirement. We decline to read into section 113–4(e) an exception which would allow a deputy clerk of the court to perform a function that is reserved for a trial judge. A deputy clerk would not be permitted to substitute for a judge in meeting any of the other requirements of section 113–4 of the Code, such as accepting a plea, or advising a defendant of the consequences of pleading guilty. In the same way, the trial court's duty to advise a defendant of the possibility of trial *in absentia* cannot be delegated to a deputy clerk.

Given the architecture of this provision of the Code within the section of the statute that governs when a defendant is called upon to plead at arraignment, and the plain and ordinary meaning of the language contained in section 113–4(e), we further agree with *Lester* and *Green* that the legislature intended for the trial court to orally admonish a defendant as to the possibility of trial *in absentia* when he is present in open court at arraignment, or at any later date. We also believe that oral admonishment is most effective to meet the legislative purpose of section 113–4(e) as it provides the trial court with an opportunity to both notify a defendant of his right and obligation to be present at trial, and to verify that he understands this important right

and duty.

The appellate court's decision in *People v. Condon*, 272 Ill. App. 3d 437 (1995), does not assist the State's position. There, the defendant signed a form provided by the trial court at his arraignment acknowledging that if he failed to appear in court he would waive his right to be present at the proceedings and that he could be tried and sentenced in his absence. The *Condon* court concluded that section 113–4(e) does not specifically require oral admonishment and that an admonition, written or oral, which advises a defendant of all the information required by section 113–4(e) is sufficient to legitimize a trial *in absentia*. Consequently, the court rejected the defendant's claim that his postconviction counsel was ineffective for failing to attack the *in absentia* nature of the proceedings. *Condon*, 272 Ill. App. 3d at 438-42. To the extent that the *Condon* court held that written admonishment by the trial court alone would satisfy the requirements of section 113–4(e), it is inconsistent with this opinion and, therefore, overruled.

Moreover, in contrast to this case, we note that the trial court in *Condon* provided the defendant with the form at his arraignment and later orally admonished him that the proceedings could go forward in his absence and reminded him of his obligation to appear in court. See *Condon*, 272 Ill. App. 3d at 441-42.

This court has previously held that "*the statute directs the trial court to admonish the defendant.* No exemption from the admonishment requirement exists, regardless of how seasoned or knowledgeable the criminal defendant." (Emphasis added.) *Garner*, 147 Ill. 2d at 479. Defendant was present at his arraignment on July 31, 2000, and could have been admonished by the court at that time. He was also present on several other court dates prior to, and after, posting bond on May 3, 2001. As this court has determined, reversible error occurs when the trial court fails to admonish a defendant as required under section 113–4(e) at the time of his arraignment, or at a later court date that he is present. *Garner*, 147 Ill. 2d at 483-84; see also *People v. Thomas*, 216 Ill. App. 3d 405, 408-09 (1991) (in the absence of section 113–4(e) admonishment, sentencing *in absentia* constitutes error requiring a new sentencing hearing). Therefore, the appellate court correctly concluded that the proper recourse was to vacate defendant's sentence and remand for a new sentencing

hearing.[1]

CONCLUSION

For the foregoing reasons, the judgment of the appellate court, vacating defendant's sentence and remanding to the trial court for a new sentencing hearing, is affirmed.

Affirmed.

JUSTICE THOMAS, dissenting:

I respectfully dissent.

In *People v. Garner*, 147 Ill. 2d 467 (1992), the defendant was tried *in absentia* despite not having received section 113–4(e) admonishments. The appellate court reversed and remanded for a new trial, and the State appealed to this court. Before this court, the State argued, *inter alia*, that, despite the lack of statutory admonishments, "defendant had knowledge that he could be tried *in absentia* since the bond slip he signed contained a printed notice warning him of the consequence of failure to be present for trial." *Garner*, 147 Ill. 2d at 478. Although the court rejected this argument, it did so not because a bond slip may *never* satisfy the requirements of section 113–4(e), but only because the *particular* bond slip used in that case did not satisfy the requirements of section 113–4(e):

"We have reviewed the bond slip in this case. Most

---

[1]The State urges us to conclude that even if defendant did not waive his right to receive section 113–4(e) warnings, reversal for a new sentencing hearing is unwarranted because this section of the Code is directory, rather than mandatory, and the violation is not a structural or constitutional error warranting automatic reversal. As the State acknowledges, this argument has been forfeited because the State failed to raise it in its petition for leave to appeal before this court. See *People v. Williams*, 235 Ill. 2d 286, 298 (2009). The State also acknowledges, as it did before the appellate court, that as a general rule in Illinois, the failure to give the warnings found in section 113–4(e) constitutes error requiring reversal.

assuredly, the bond slip states that defendant should appear on June 30, 1981. Additionally, the slip provides a warning of the penalties for failure to appear. Noticeably absent from the slip, however, is any warning of the possibility of trial *in absentia*. *Thus*, we find that the bond slip does not satisfy the requirement of section 113–4(e)." (Emphasis added.) *Garner*, 147 Ill. 2d at 478.

According to this passage, the *only* reason that the bond slip in *Garner* did not satisfy the requirement of section 113–4(e) was the absence from that slip of any warning of the possibility of trial *in absentia*. See Webster's Third New International Dictionary 2388 (1993) (defining "thus" as either "in this or that manner or way" or "for this or that reason or cause"). Stated conversely, then, had the bond slip in *Garner* contained a warning of the possibility of trial *in absentia*, it would have satisfied the requirement of section 113–4(e), and the defendant's trial *in absentia* would have been proper.

This case presents the very situation contemplated but not quite present in *Garner*. Like the bond slip in *Garner*, the bond slip in this case most assuredly states that defendant must appear and warns defendant of the penalties for failing to appear. In addition, and unlike the bond slip in *Garner*, the bond slip in this case most assuredly warns defendant of the possibility of trial *in absentia*. Thus, the sole deficiency from *Garner* is cured, and the requirements of section 113–4(e) are satisfied fully. *Garner*, 147 Ill. 2d at 478.

This court has explained that section 113–4(e) is "a prophylactic measure which is designed both to dissuade defendants from absconding at any time, before or after trial, and to provide for a formal waiver of their right to be present." *People v. Partee*, 125 Ill. 2d 24, 41 (1988). Here, both of these purposes were achieved. The bond slip that defendant signed before a deputy court clerk not only informed him of the consequences for failing to appear, up to and including trial and sentencing *in absentia*, but also put defendant on direct notice that "[his] failure to appear would constitute a waiver of [his] rights to confront the witnesses against him." These warnings track the language of section 113–4(e) exactly, and therefore there is nothing that the trial court could have told defendant through formal admonishment that defendant did not already know. Defendant understood fully the consequences of fleeing, and he chose to flee

anyway. To the extent an error in judgment occurred in this case, it is to defendant we must look, not to the trial court.

For these reasons, I am convinced that the trial court did not err in sentencing defendant *in absentia*, and the judgment of the appellate court therefore should be reversed.

JUSTICES GARMAN and KARMEIER join in this dissent.