NOTICE

Decision filed 05/04/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 220408-U

NO. 4-22-0408

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Lee County. |
| | ) | |
| v. | ) | No. 19-CF-243 |
| | ) | |
| TONIETTE FREEMAN, | ) | Honorable |
| | ) | Jacquelyn D. Ackert, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE BOIE delivered the judgment of the court.
Justices Barberis and McHaney concurred in the judgment.

**ORDER**

¶ 1    *Held*:    Where the circuit court properly admonished defendant prior to accepting her admission to the allegations of a petition to revoke her probation, repeatedly admonished her that if she failed to appear she could be sentenced *in absentia*, and the sentence imposed was not an abuse of discretion, the court did not err in revoking her probation and sentencing her. As any argument to the contrary would lack merit, we grant defendant's appointed counsel on appeal leave to withdraw and affirm the circuit court's judgment.

¶ 2    Defendant, Toniette Freeman, admitted to the allegations of a petition to revoke her probation. The circuit court sentenced her to two years' imprisonment. Defendant filed a notice of appeal.[1]

_____

[1]This action was originally filed in Lee County, and the appeal was filed in the Fourth District Appellate Court. Pursuant to its supervisory authority over courts, the Illinois Supreme Court entered an order on February 6, 2023, transferring the appeal from the Fourth District to the Fifth District Appellate Court for consideration and final disposition of the appeal.

1

¶ 3    Defendant's appointed appellate counsel, the Office of the State Appellate Defender (OSAD), has concluded that there is no reasonable contention of error in the proceedings revoking defendant's probation or sentencing her. Accordingly, it has filed a motion to withdraw as counsel along with a supporting memorandum. See *Anders v. California*, 386 U.S. 738 (1967). OSAD has notified defendant of its motion, and this court has provided defendant with ample opportunity to respond. However, she has not done so. After considering the record on appeal, OSAD's memorandum, and its supporting brief, we agree that this appeal presents no reasonably meritorious issues. Thus, we grant OSAD leave to withdraw and affirm the circuit court's judgment.

¶ 4                                    BACKGROUND

¶ 5    On November 16, 2019, the State charged defendant with unlawful possession of a controlled substance. At her initial court appearance, the next day, the circuit court admonished her of the charges and possible penalties. The court also explained that if she willfully failed to appear for a subsequent court date, she could be tried or sentenced *in absentia*.

¶ 6    Defendant missed a court appearance on February 13, 2020. She was later arrested and, at a video hearing on June 1, 2020, explained that she was in the emergency room on February 13.

¶ 7    On July 2, 2020, defendant agreed to plead guilty in exchange for a sentence of 30 months' probation. The court again informed defendant of the charge and possible penalties. The court described the rights she would be waiving by pleading guilty. Defendant said that she understood. She assured the court that no one had threatened her or promised her anything beyond the agreement's stated terms. The State provided a factual basis.

2

¶ 8    On October 15, 2020, the State filed a petition to revoke defendant's probation, alleging that she had missed several probation appointments, tested positive for methamphetamine, and failed to complete a required substance-abuse evaluation.

¶ 9    Defendant was not in court during a hearing on November 12, 2020, and the court issued an arrest warrant. Defendant was picked up on the warrant in January 2021. On February 18, 2021, the court admonished defendant about the allegations of the petition to revoke. It informed her that if she failed to appear at a subsequent court date, she could be tried and sentenced *in absentia*. Defendant missed a June 2021 court date because she was in quarantine due to COVID-19.

¶ 10    On July 15, 2021, defendant admitted the allegations of the petition to revoke. Defense counsel said that he intended to ask for a status date in four to six weeks, during which time defendant would check into an inpatient rehabilitation program. The court admonished defendant about the petition's allegations and the possible penalties for the underlying offense. These included a prison sentence of between one and six years if she were eligible for an extended term. The court informed her that, if she admitted to the allegations, she would waive her right to a hearing at which she could cross-examine the witnesses against her and to present evidence of her own, to subpoena witnesses if necessary, to be presumed innocent, to testify, to remain silent, to require the State to prove its allegations by a preponderance of the evidence, and to have an attorney. Defendant understood these admonishments. She assured the court that no one had threatened her or promised her anything, and the court found the admission voluntary.

¶ 11    At a September 9, 2021, status hearing, the court set sentencing for October 12 and informed defendant that, if she did not attend, she could be sentenced *in absentia*. Defendant failed to appear on that date and the court issued a warrant.

¶ 12   Defendant was arrested on January 26, 2022, and, on February 10, 2022, the court rescheduled the sentencing hearing for March 14. The court again informed defendant that, if she failed to appear, sentencing could proceed in her absence.

¶ 13   Defendant was not in court on March 14. Her daughter informed the prosecutor that defendant was in a hospital awaiting test results. Defendant appeared in court on March 17. The court reset the sentencing hearing for March 31, again informing defendant that if she was not present, she could be sentenced *in absentia*.

¶ 14   On March 31, 2022, defendant did not appear. Defense counsel said that he received an email from defendant stating that she was "in the process" of entering a rehabilitation facility and asking for a continuance. She stated that she would provide documentation from the facility. The prosecutor noted that defendant had had two weeks since the most recent hearing to make arrangements with a rehabilitation facility, but instead waited until the morning of the scheduled hearing to seek a continuance. The prosecutor stated that he wanted to proceed to sentencing.

¶ 15   The presentence investigation report (PSI) shows that defendant has an extensive criminal history, including convictions for burglary, theft, retail theft, unlawful delivery of cocaine, unlawful delivery of a controlled substance within 1000 feet of a school—for which she was sentenced to six years' imprisonment, and possession of a controlled substance.

¶ 16   The State argued that the facts of the underlying charge would have supported a more serious charge of possession with intent to deliver, but the State charged her with the Class 4 felony of simple possession because she provided information to law enforcement after her arrest. The court, noting that defendant was eligible for extended-term sentencing due to her criminal record, nevertheless sentenced her to a nonextended term of two years' imprisonment.

4

¶ 17    Defense counsel moved to reconsider the sentence. The court issued a new sentencing order providing defendant with credit for time in custody but otherwise denied the motion. Defendant timely appeals.

¶ 18                                    ANALYSIS

¶ 19    OSAD concludes that there is no reasonably meritorious argument that the circuit court reversibly erred. We agree.

¶ 20    OSAD first concludes that the court did not err in accepting defendant's admission to the petition to revoke. Given that a probation revocation proceeding occurs only after a criminal conviction, a defendant responding to such a petition has fewer procedural rights than one facing a trial. *People v. Hall*, 198 Ill. 2d 173, 177 (2001). Illinois Supreme Court Rule 402(a) provides that, before accepting a defendant's admission to a probation violation, the court should admonish him or her about:

> "(1) the specific allegations in the petition to revoke probation ***;
>
> (2) that the defendant has the right to a hearing with defense counsel present, and the right to appointed counsel if the defendant is indigent and the underlying offense is punishable by imprisonment;
>
> (3) that at the hearing, the defendant has the right to confront and cross-examine adverse witnesses and to present witnesses and evidence in his or her behalf;
>
> (4) that at the hearing, the State must prove the alleged violation by a preponderance of the evidence;
>
> (5) that by admitting to a violation, or by stipulating that the evidence is sufficient to revoke, there will not be a hearing on the petition to revoke probation ***, so that by admitting to a violation, or by stipulating that the evidence is sufficient to revoke, the

5

defendant waives the right to a hearing and the right to confront and cross-examine adverse witnesses, and the right to present witnesses and evidence in his or her behalf; and

(6) the sentencing range for the underlying offense ***." Ill. S. Ct. R. 402A(a) (eff. Nov. 1, 2003).

¶ 21 The court must also decide whether the admission is voluntary and whether a factual basis exists to support the admission. Ill. S. Ct. R. 402A(b), (c) (eff. Nov. 1, 2003). Substantial compliance with Rule 402A satisfies due process. *People v. Ellis*, 375 Ill. App. 3d 1041, 1046 (2007).

¶ 22 Here, the court substantially complied with the rule. It provided defendant with the required information, and she stated that she understood. The court reasonably found that the plea was voluntary. Moreover, defendant's admission to the petition's allegations provided the factual basis. See *People v. Vinson*, 287 Ill. App. 3d 819, 821 (1997) (under Rule 402, governing guilty pleas, a factual basis may consist of an express admission by the defendant that he committed the acts alleged).

¶ 23 OSAD further concludes that there is no meritorious claim of error in the sentencing proceedings. Initially, we agree that the sentence itself was not an abuse of discretion. A trial court's sentencing decisions are entitled to great deference and will not be altered on appeal absent an abuse of that discretion. *People v. Streit*, 142 Ill. 2d 13, 18-19 (1991).

¶ 24 Although the court found that defendant was eligible for an extended-term sentence of up to six years, it imposed a two-year sentence, exactly at the midpoint of the one- to three-year nonextended range. Given defendant's extensive criminal history, the sentence was not an abuse of discretion.

¶ 25    OSAD further concludes that the court did not err in proceeding with the sentencing hearing in defendant's absence. A defendant has a constitutional right to be present at all stages of his or her trial, including sentencing. *People v. Phillips*, 242 Ill. 2d 189, 194-95 (2011). A defendant's voluntary absence from trial may be construed as an effective waiver of his or her right to be present and she may be tried and sentenced *in absentia*, even if he or she is not specifically warned that this is a possible consequence of his absence. *Id.* However, in Illinois, section 113-4(e) of the Code of Criminal Procedure of 1963 provides, in relevant part, that:

> "If a defendant pleads not guilty, the court shall advise him at that time or at any later court date on which he is present that if he *** is released on bond and fails to appear in court when required by the court that his failure to appear would constitute a waiver of his right to confront the witnesses against him and trial could proceed in his absence." 725 ILCS 5/113-4(e) (West 2020).

¶ 26    In the absence of a section 113-4(e) admonishment, a defendant may not be tried or sentenced *in absentia*. *People v. Phillips*, 394 Ill. App. 3d 808, 810 (2009) (citing *People v. Partee*, 125 Ill. 2d 24, 38-41 (1988)), *aff'd*, 242 Ill. 2d 189 (2011). A circuit court's decision to proceed with a trial *in absentia* will not be reversed unless the court abused its discretion. *People v. Smith*, 188 Ill. 2d 335, 341 (1999).

¶ 27    Here, the court admonished defendant at least six times at various court appearances that if she failed to appear, she could be sentenced in her absence. As recently as March 17, 2022, the court again told defendant that sentencing could proceed in her absence if she did not appear for the scheduled hearing. Her email to defense counsel shows that she was aware of the court date but voluntarily chose not to appear. The record does not show that she ever documented her entrance into a rehabilitation facility. Given defendant's history of missing court dates, the court

7

reasonably found that her absence was willful, and the court did not err in proceeding in defendant's absence.

¶ 28                                  CONCLUSION

¶ 29     As this appeal presents no issue of arguable merit, we grant OSAD leave to withdraw and affirm the circuit court's judgment.


¶ 30     Motion granted; judgment affirmed.