**NOTICE:** This order was filed under Illinois Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2026 IL App (3d) 240070-U

Order filed June 8, 2026

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2026

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 18th Judicial Circuit, Du Page County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-24-0070 Circuit No. 07-CF-3239 |
| JESUS HERNANDEZ, | ) ) ) | Honorable Michael W. Reidy, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE ANDERSON delivered the judgment of the court.
Justices Holdridge and Bertani concurred in the judgment.

_____

**ORDER**

¶ 1      *Held*: The circuit court substantially complied with the statute in admonishing defendant of trial *in absentia*.

¶ 2      Defendant, Jesus Hernandez, appeals from his conviction, arguing the Du Page County circuit court erred when it did not substantially comply with the admonishment requirement for trials *in absentia* contained in section 113-4(e) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/113-4(e) (West 2006)). We affirm.

¶ 3                                    I. BACKGROUND

¶ 4        Defendant was charged with unlawful delivery of a controlled substance (720 ILCS 570/401(a)(2)(C) (West 2006)). The charge alleged that defendant and Jose Quinonez knowingly and unlawfully delivered more than 400 grams but less than 900 grams of a substance containing cocaine on November 26, 2007.

¶ 5        Defendant was arraigned on December 17, 2007. The court informed defendant:

> "You must appear every time this case is up. If you fail to appear, the State will ask for a warrant. If you fail to appear, the State will ask that the case go to trial without you. And if you're convicted, [will] ask that you'd be sentenced in your absence as well. Do you understand that?"

Defendant confirmed that he understood. The court further explained that if defendant was released, he was required to be in contact with defense counsel's office and appear at every court appearance.

¶ 6        On January 6, 2008, defendant posted bond. Defendant signed a bond form stating that he knew and understood that if he failed to appear when required by the court, it could result in the trial proceeding in his absence and the waiver of his right to confront the witnesses against him.

¶ 7        On April 16, 2008, defendant failed to appear in court. Counsel had not had contact with defendant. The court revoked defendant's bond and issued a warrant for his arrest. In June 2012, the court sent notice via certified mail to the address listed on defendant's bond form, notifying defendant that his trial would be held on August 28, 2012. Before jury selection, the State introduced testimony establishing that a few days after he bonded out, defendant fled, likely for Mexico, and had not contacted his attorney, wife, or children. The court determined the State

established through substantial evidence that defendant had evaded trial and the matter proceeded *in absentia*.

¶ 8     The evidence at trial established that on November 26, 2007, undercover officers with the Du Page Metropolitan Enforcement Group, a narcotics task force, contacted defendant and Quinonez and agreed to purchase half a kilogram of cocaine for $11,500. At approximately 8:14 p.m., officers met with defendant and Quinonez in a parking lot. Defendant entered the officers' vehicle and showed an officer a heat-sealed plastic bag. Forensic testing established that the bag contained 498 grams of a substance containing cocaine. The jury found defendant guilty.

¶ 9     On November 6, 2012, the court sentenced defendant *in absentia* to 20 years' imprisonment and 3 years' mandatory supervised release. On November 14, 2016, defendant was taken into custody and appeared in court the next day. The court informed defendant that he had been found guilty and sentenced *in absentia*. On August 12, 2019, defendant filed a *pro se* motion for a new trial. Counsel was appointed and an amended motion was filed on August 25, 2022, arguing that defendant was compelled to flee due to threats to his life and the lives of his family. After a hearing, the court denied the motion, finding that defendant failed to establish that his absence from trial was not willful. Defendant appealed.

¶ 10                              II. ANALYSIS

¶ 11     On appeal, defendant argues the circuit court erred by failing to substantially comply with the admonishment requirement for trials *in absentia* contained in section 113-4(e) of the Code. Defendant admits that he forfeited this issue by failing to preserve it at the trial level. See *People v. Enoch*, 122 Ill. 2d 176, 186 (1988). However, defendant asks that we consider the error either under the plain error doctrine or ineffective assistance for counsel's failure to object to the admonishments. The first step in either analysis is to determine whether error occurred. See *People*

*v. Johnson*, 218 Ill. 2d 125, 139 (2005) (there can be no plain error if no error occurred); *People v. Mister*, 2016 IL App (4th) 130180-B, ¶ 94 (counsel cannot be ineffective if objection is meritless).

¶ 12    A defendant has a constitutional right to be present at all stages of his trial. *People v. Phillips*, 242 Ill. 2d 189, 194 (2011). Defendant's voluntary absence from trial may waive this right and he may be tried *in absentia*. *Id.* at 195. Defendants have a statutory right pursuant to section 113-4(e) of the Code to be informed of the possible consequences of their failure to appear in court when required. *Id.* The statute's plain language requires the court to inform a defendant that he waives his right to confront the witnesses against him and the trial could proceed without him if he fails to appear in court when required. 725 ILCS 5/113-4(e) (West 2006); *People v. Hietschold*, 2025 IL 130716, ¶ 18. The circuit court's admonitions must substantially comply with section 113-4(e) of the Code. *Hietschold*, 2025 IL 130716, ¶ 20. Substantial compliance does not require a "strict verbatim reading" of the admonitions. (Internal quotation marks omitted.) *Id.* Substantial compliance requires only that the court impart the "essence" of the statute. (Internal quotation marks omitted.) *Id.*

¶ 13    After defendant filed his initial brief in this case, our supreme court addressed this issue. In *Hietschold*, the circuit court admonished defendant that he could be tried *in absentia* if he failed to appear in court when required but did not inform defendant that doing so would also waive his right to confront witnesses. *Id.* ¶ 6. The supreme court held that the circuit court substantially complied with the statute because

> "the 'essence' of the admonishment about trial *in absentia* in section 113-4(e) is just that—the admonishment that a defendant's failure to appear at trial will not prevent the trial from proceeding in his absence. That a defendant will lose his

ability to confront witnesses face-to-face is a corollary to the trial occurring without him." *Id.* ¶ 32.

Here, the circuit court informed defendant that he could be tried and sentenced *in absentia*. We thus apply *Hietschold* and find that the court substantially complied where it provided the essence of the admonishment. Because there was no error with the court's admonishments, defendant's claims of plain error and ineffective assistance of counsel necessarily fail. See *Johnson*, 218 Ill. 2d at 139; *People v. Jones*, 2020 IL App (4th) 190909, ¶ 179.

¶ 14       In coming to this conclusion, we reject defendant's argument raised for the first time in his reply brief that the court erred because it only admonished defendant that the State would request the matter proceed to trial but did not inform him that the trial could actually proceed in his absence. Defendant's argument ignores the court's entire statement: "If you fail to appear, the State will ask that the case go to trial without you. *And if you're convicted*, [will] ask that you'd be sentenced in your absence as well." (Emphasis added.) The only reasonable way to interpret the court's statement is that defendant could be tried and sentenced *in absentia* on the State's motion. The court confirmed that defendant understood the admonishment. Defendant's bail form also conveyed the relevant admonishment information.

¶ 15                                    III. CONCLUSION

¶ 16       The judgment of the circuit court of Du Page County is affirmed.

¶ 17       Affirmed.