(No. 71365.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant and Cross-Appellee, v. WILLIAM GARNER, Appellee and Cross-Appellant.

*Opinion filed March 26, 1992.*

Neil F. Hartigan and Roland W. Burris, Attorneys General, of Springfield, and Jack O'Malley, State's Attorney, of Chicago (Terence M. Madsen, Assistant Attorney General, of Chicago, and Renee Goldfarb, Randall Roberts, Kenneth T. McCurry and Howard D. Weisman, Assistant State's Attorneys, of counsel), for the People.

Michael J. Pelletier, Deputy Defender, and Mitchell B. Katten and Linda Eigner, Assistant Appellate Defenders, of the Office of the State Appellate Defender, of Chicago, for appellee and cross-appellant.

JUSTICE FREEMAN delivered the opinion of the court:

Defendant, William Garner, was charged with armed robbery, armed violence and unlawful restraint. (Ill. Rev. Stat. 1981, ch. 38, pars. 18—2, 33A—2, 10—3.) Following a jury trial in the circuit court of Cook County, defendant was convicted *in absentia* and sentenced, as a habitual criminal (Ill. Rev. Stat. 1981, ch. 38, par. 33B—1), to life imprisonment.

The appellate court reversed defendant's convictions, holding that the trial court's failure to admonish defendant, prior to conducting trial in defendant's absence, of his right to be present at trial constituted reversible error. (205 Ill. App. 3d 1105 (unpublished order under Supreme Court Rule 23).) We granted the State's petition for leave to appeal (134 Ill. 2d R. 315(a)). Defendant has filed a cross-appeal.

Two issues are presented for our review: (1) whether the trial court's failure to admonish defendant pursuant to section 113—4(e) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 113—4(e)) requires reversal of his conviction; and (2) whether the State's failure to strictly comply with the requirements of section 115—4.1(a) of the Code of Criminal Procedure (Ill. Rev. Stat. 1981, ch. 38, par. 115—4.1(a)) requires reversal. We answer the first issue in the affirmative; therefore, we affirm.

## FACTS

On February 7, 1981, defendant and a codefendant, John Collins, were arrested on charges of armed robbery. Subsequent to being "booked," defendant complained of chest pains and was taken to St. Elizabeth's Hospital. Defendant's arraignment was set for February 9, 1981. Although not apparent from the record, according to the State, defendant did not appear in court on February 9. On February 19, 1981, a warrant was issued for defendant's arrest.

On March 18, 1981, codefendant Collins appeared in court and was arraigned. Defendant did not appear.

On April 12, 1981, defendant was apprehended. He appeared in court on April 20 and was arraigned on the armed robbery charge. Defendant appeared in court again on May 4 and 26, 1981.

On May 28, 1981, the court reinstated defendant's bond and set the next court date for June 30, 1981. (The record is unclear as to whether defendant appeared in court on May 28.) On June 30, defendant did not appear. Defense counsel reported to the court that he had been with defendant that morning and that defendant was in the hospital with serious injuries. The State's motion for bond forfeiture was entered and continued. The next court date was set for July 6, 1981.

Defendant did not appear on July 6. Defense counsel informed the court that defendant was hospitalized in Columbus Hospital and was scheduled for brain surgery on the following day. The case was continued to July 9 for a status report on the whereabouts of defendant and his prognosis.

There is nothing in the record to evidence that there was any proceeding on July 9. On July 21, 1981, defense counsel informed the court that defendant was not present because he had been hospitalized in Columbus Hospital and, against medical advice, had left the hospital prior to being arrested pursuant to a warrant issued in another courtroom. Counsel stated that he had not heard from defendant since the time of his hospitalization and his whereabouts were unknown. The court revoked defendant's bond and issued a warrant for his arrest.

On August 27, 1981, the court admonished codefendant Collins of the consequences of not appearing for trial. The court informed Collins that the reason it could not try defendant *in absentia* was because the court had never admonished him. The court then set the "Collins matter" for trial for October 2, 1981, and advised counsel to keep the court advised of any knowledge of defendant's whereabouts.

Defense counsel appeared in court on October 2, 1981. He advised the court that he had the misimpres-

sion that the October 2 date was for status and the setting of a trial date. A new trial date, for both defendants, was set for November 2, 1981. The court stated that it thought it could try defendant *in absentia* and asked the State to take a position on the issue.

No transcript of the November 2 proceeding is included in the record. However, the court's "half-sheet" indicates that there was a proceeding on that date and again on December 1, 1981.

On December 1, 1981, the case was called for trial. Defense counsel informed the court that he mistakenly thought the case was on the call for December 2, and asked that the case be held over until then. Neither defendant was present in court.

The State advised the court that defendant had been given notice of the November 2 trial date. The State acknowledged, however, that defendant had not been given notice of the December 2 trial date. The trial court then instructed the State to have its investigator personally deliver notice of trial, in lieu of delivery by mail, to the last known address of defendant and to be prepared to testify concerning the attempted delivery on the following day.

On December 2, 1981, the case was called for trial. Investigator John Elza testified regarding his efforts to notify defendant of the December 2 trial date. Elza testified that on December 1, 1981, he proceeded to 5590 North River Road in Rosemont in search of defendant. He stated that there was a rather large house, which housed an office, at that address. No one answered at the house/office. He further testified that the River Road address was apparently a trailer park which was in the process of being removed. There were two trailers left on the property with "for sale" signs on them. Elza stated that he was not able to contact defendant at that

address, but that he left a copy of the notice of trial at the address.

Elza also testified that, prior to October 2, he had checked the Cook County jail as well as a building located at 2325 South Homan in Chicago in search of defendant. He did not locate defendant in the jail, and there was no response at the South Homan address. (While there is some ambiguity in the record, it appears that this attempted contact was intended to inform defendant of the November 2 trial date.)

The trial court stated that the evidence showed that notice had not been made by certified mail. However, the court stated, the attempted personal notice was "in fact superior to that [by] certified mail." Thus, the court determined that the statutory requirement of notice by certified mail had been satisfied.

Defense counsel confirmed that he had not had contact with defendant since July 1981. However, he stated that he had received a letter from defendant. Counsel revealed portions of the contents of the letter in open court and agreed with the trial judge that the letter indicated defendant's awareness of the pendency of the trial. Defendant was subsequently tried and convicted *in absentia*.

## DISCUSSION

### Section 113—4(e)

In this appeal we are called upon to determine the proper application of section 113—4(e) of the Code of Criminal Procedure (Ill. Rev. Stat. 1981, ch. 38, par. 113—4(e)). Section 113—4(e) provides:

> "If a defendant pleads not guilty, the court shall advise him at that time or at any later court date on which he is present that if he escapes from custody or is released on bond and fails to appear in court when required by the court that his failure to appear would constitute a waiver

of his right to confront the witnesses against him and trial could proceed in his absence." (Ill. Rev. Stat. 1981, ch. 38, par. 113—4(e).)

The section 113—4(e) admonishment is a "prophylactic measure which is designed both to dissuade defendants from absconding at any time, before or after trial, and to provide for a formal waiver of their right to be present." *People v. Partee* (1988), 125 Ill. 2d 24, 41.

## Exception

The State entreats us to carve out an exception to the section 113—4(e) admonishment requirement for "experienced criminals," like defendant, who manipulate the rule and, by their absence, preclude the trial court from admonishing them. To that end, the State has provided us with a list of factors to consider in drafting the proposed exception. The State asserts that such an exception is justified because defendant has had a past history of "bail jumping"; is knowledgeable about the law; knew his trial rights; and scorned his duty to appear, which precluded the trial court from admonishing him.

Further, the State maintains that the proposed exception would not offend due process since defendant's voluntary absence constituted an intentional and knowing waiver of his rights. The State argues that based on *Taylor v. United States* (1973), 414 U.S. 17, 38 L. Ed. 2d 174, 94 S. Ct. 194, the "better reasoned position" is that the section 113—4(e) admonishments are not necessary where a defendant willfully absconds during any stage of his trial. We note that *Taylor* held that where trial has begun and the defendant absents himself, the trial may proceed in his absence, regardless of whether he has been admonished to that effect.

It is not the function of this court to determine what might be a better rule. The legislature is vested with the power to enact laws. Under the doctrine of separation of

powers, courts may not legislate, rewrite or extend legislation. If the statute as enacted seems to operate in certain cases unjustly or inappropriately, the appeal must be to the General Assembly, and not to the court. See *People v. Flaherty* (1947), 396 Ill. 304.

Our function is to interpret and apply the law as it is announced by the legislature. In interpreting the law, it is our duty to give effect to the intent of the legislature. We are powerless to annex to a statute a provision or condition which the General Assembly did not see fit to impose. See *Flaherty*, 396 Ill. 304.

The legislature has made no exception to the rule requiring that defendants be admonished of the possibility of trial *in absentia*. If there is to be an exception for the "experienced criminal," its origin must necessarily be in the legislature. We have no power to narrow the terms of the provision.

### Waiver

The State also contends that defendant has waived his right to receive the section 113—4(e) admonishment. The thrust of the State's argument is that since the legislature formulated section 113—4(e) in the disjunctive as to the timing of the admonishment, there is no requirement that the admonishment be given at the time of arraignment. The State reasons that where a defendant, after arraignment and prior to any other court dates, absents himself, he precludes the court from admonishing him. Therefore, the defendant has waived any right to be admonished. The State urges several points in support of the waiver argument.

Prior to addressing the State's arguments, we note that there is conflict among our appellate court districts on this issue. The court in the first and fifth districts has held that a defendant's absence from further proceedings subsequent to arraignment acts as a waiver of the

right to oral admonishments. (See *People v. Cortes* (1st Dist. 1984), 123 Ill. App. 3d 816; *People v. Burns* (5th Dist. 1983), 117 Ill. App. 3d 123.) The underlying rationale in *Cortes* and *Burns* was that the defendants' post-arraignment conduct precluded the trial court from giving the admonishment. The defendants, therefore, should not benefit from their misconduct by manipulating a rule designed for their protection. See *Cortes*, 123 Ill. App. 3d at 820; *Burns*, 117 Ill. App. 3d at 130.

The fourth district has reached a contrary result. In *People v. Lester* (1988), 165 Ill. App. 3d 1056, the court rejected the holdings in *Cortes* and *Burns*. In so doing, the *Lester* court reasoned that a waiver of a constitutional right is generally not upheld in the absence of any indication that the defendant is aware of the right which he is forfeiting. Since waiver assumes knowledge, a defendant who has not received notice of the possibility of trial *in absentia* cannot be deemed to have knowingly waived his right to be present at trial. *Lester*, 165 Ill. App. 3d at 1058-59.

We find *Lester* persuasive. However, we will consider the State's waiver arguments to determine whether they compel rejection of the reasoning in *Lester*. The State first argues that analysis of the four dates on which defendant attended court reveals that the opportunity to admonish him was inappropriate for one reason or another. In that regard, the State acknowledges that although defendant was present in court on the date of his arraignment, admonishment at that time was inappropriate because the statute permits admonishment at a date later than at arraignment.

We fail to see how the fact that the statute allows for a later admonishment renders admonishment at the time of arraignment inappropriate. Equally unpersuasive are the State's additional contentions on this issue of appropriateness, *viz.*, the judge who arraigned defendant

would be different from the judge actually trying the case; on the May 26 court date, defendant's counsel was not present in the courtroom. Finally, it is unclear whether defendant in fact made a fourth court appearance.

The State next argues that had defendant appeared on the August 27 court date, when the court admonished Collins, defendant would also have been admonished. The State maintains that the judge chose not to give the admonishment until after defendant became a flight risk.

This assertion is hardly dispositive of the issue now before us. The fact of the matter is that defendant was not in court on August 27, and he was not admonished. Additionally, in light of defendant's prearraignment conduct, it appears that by the time of his April 20 arraignment defendant had already become a flight risk.

Next, the State argues, defendant had knowledge that he could be tried *in absentia* since the bond slip he signed contained a printed notice warning him of the consequence of failure to be present for trial. The State acknowledges that its argument is contrary to the holding in *People v. Green* (1989), 190 Ill. App. 3d 271 (notice on bond slip insufficient to satisfy statutory requirement). Notwithstanding *Green*, the State maintains that this court has not yet decided the question and that we could find the notice on the slip to be a sufficient warning.

We have reviewed the bond slip in this case. Most assuredly, the bond slip states that defendant should appear on June 30, 1981. Additionally, the slip provides a warning of the penalties for failure to appear. Noticeably absent from the slip, however, is any warning of the possibility of trial *in absentia*. Thus, we find that the bond slip does not satisfy the requirement of section 113—4(e). *Cf.* 17 Ariz. Rev. Stat. Ann., Form VI, at 737 (1987) (warning of possibility of trial *in absentia* included on

bond slip which defendant was required to sign upon release).

The State urges the two additional points in support of the waiver argument: (1) since defendant is a veteran offender, it is reasonable to conclude that he may have been admonished in other courtrooms; and (2) since defendant had knowledge of the law in some very complicated matters, it is reasonable to conclude that he was aware of his right to be present at trial.

Nonetheless, the statute directs the trial court to admonish the defendant. No exemption from the admonishment requirement exists, regardless of how seasoned or knowledgeable the criminal defendant. Moreover, we decline to equate knowledge of the law with waiver of a right. Nor are we inclined to find that admonishment at a different time or proceeding on a different offense should serve as blanket coverage precluding the necessity for any subsequent admonishment. The dangers in so finding are obvious.

Finally, the State argues that the language in *People v. Partee* (1988), 125 Ill. 2d 24, suggests that there are exceptions to the rule that admonishment is required. The State relies on language in *Partee* which states that the use of the word "shall" in the statute suggests, but it does not compel, the conclusion that the section 113—4(e) admonishment is mandatory, and not directory only. *Partee*, 125 Ill. 2d at 40.

In *Partee*, the court addressed the issue of whether the section 113—4(e) admonishment was required in the case of a defendant who absconds during trial. The court determined that the distinction between pretrial and midtrial flight was not reflected in the statutory scheme. The court rejected the State's argument that a section 113—4(e) admonishment was not required in the case of the defendant who absconds midtrial.

Significantly, *Partee* cited, approvingly, those appellate court cases which have interpreted the word "shall" in section 113—4(e) as mandatory. The court also noted that, traditionally, trials *in absentia* are distrusted. Thus, while *Partee* gave cognizance to the possible interpretation of the word "shall" as being directory, it apparently viewed the use of the word "shall" in section 113—4(e) as mandatory.

We are not prepared to say that no set of circumstances will result in the waiver of a defendant's right to receive the section 113—4(e) admonishment. However, this is not that case. Defendant was present at his arraignment and could have been admonished. That the trial court chose not to admonish him on the occasions of his presence in court is not a failing which should result in a penalty to the defendant. Defendant did not waive his entitlement to be given the admonition.

We find the sum of the State's waiver arguments to be unpersuasive. Crucial to our attempt to give effect to the intent of the legislature and the spirit of section 113—4(e) is a basic understanding of the arraignment proceeding. Our constitution guarantees an accused the right to demand the nature and cause of the accusation against him. (Ill. Const. 1970, art. I, §8.) The arraignment is the proceeding where the defendant is called to the bar, is advised of the charges against him, and is required to answer the accusation contained in the indictment. (Ill. Ann. Stat., ch. 38, art. 113, Committee Comments, at 9 (Smith-Hurd 1977); 22 C.J.S. *Criminal Law* §357 (1989).) The defendant's guilty plea can only be entered after he has been fully advised by the court of his rights and the consequences of his plea. (*People v. Washington* (1955), 5 Ill. 2d 58, 60.) The defendant's plea is determinative of the need to proceed to trial (see 134 Ill. 2d R. 402), for it defines the issues to be decided at trial (see 22 C.J.S. *Criminal Law* §358 (1989)).

It is established that a prisoner accused of a felony must be arraigned in person, and must plead in person. (*People v. Smith* (1955), 6 Ill. 2d 414, 416; 14A Ill. L. & Prac. *Criminal Law* §201 (1968).) Yet, absent an adverse effect on the defendant's right, the requirement of arraignment and a formal plea is a mere formality, which is inessential to a valid conviction. (Ill. Rev. Stat. 1989, ch. 38, par. 113—6.) Further, arraignment may be waived by entering a plea and proceeding to trial. (*People v. Orr* (1956), 10 Ill. 2d 95, 98-99.) However, the arraignment presents an almost certain opportunity to have the defendant before the court.

The primary purpose of section 113—4(e), as evidenced by the legislative history, is to prevent "bail jumping" and to promote the speedy satisfaction of judgment. (See 81st Ill. Gen. Assem., House Proceedings, May 25, 1979, at 151 (statements of Rep. Kosinski), at 153 (statements of Rep. McAuliffe).) Given that the necessity of trial is determined at arraignment, we believe that the admonishment is most effective at that time, when the defendant is also being informed of other significant protections, such as the right to counsel and the right to a jury trial.

Moreover, since the necessity of trial is determined at the arraignment, it is the time when the defendant's sixth amendment right to be present at trial attaches. To prevent a defendant from frustrating the trial procedure, it makes sense that he receive advice about attendance at the time the right to be present attaches. To delay the admonishment increases the potential for the defendant to effectively thwart the purpose of the statute.

The State further urges that defendant had a duty to be present at trial. We agree. However, he also had a right to be present at trial. A prerequisite to enforcing a defendant's duty to be present by proceeding in his vol-

untary absence is that the defendant understand that he has such a duty as well as the right to be present.

A defendant can hardly be dissuaded from absenting himself from trial where he does not know that trial may proceed in his absence. Moreover, the admonishment provision is designed to insure defendant's presence, not to permit the trial to proceed in his absence. Thus, we adopt the reasoning in *People v. Lester* (1988), 165 Ill. App. 3d 1056. Where a defendant appears at his arraignment and the trial court fails to admonish him pursuant to section 113—4(e), and the defendant fails to make any subsequent appearances in court, he has not forfeited his right to be admonished, nor has he waived his right to be present. To the extent that *People v. Burns* (1983), 117 Ill. App. 3d 123, and *People v. Cortes* (1984), 123 Ill. App. 3d 816, are inconsistent with our holding here, they are overruled.

We do not read section 113—4(e) as providing the court with an option for when the admonition should be given as much we read it as not precluding an opportunity for a later admonishment. The provision, as it is drafted, merely affords the trial court a mechanism for a later, yet no less effective, opportunity to admonish the defendant. We hold that the intent of the legislature was that the admonishment be given at arraignment, and thus reversible error occurred at defendant's trial.

## Section 115—4.1(a)

In his cross-appeal, defendant maintains that, if retrial is not warranted based upon the trial court's failure to admonish him pursuant to section 113—4(e), he must nonetheless be retried because the State failed to comply with section 115—4.1(a) of the Code of Criminal Procedure (Ill. Rev. Stat. 1981, ch. 38, par. 115—4.1(a)). Having determined that reversible error has occurred as a

result of the failure to properly admonish defendant, we need not reach this issue.

## SUFFICIENCY OF THE EVIDENCE

No question is raised on the sufficiency of the evidence. However, since retrial raises concerns of double jeopardy, we are compelled to consider the sufficiency of the evidence. We have examined the record and considered the evidence presented at trial. We find that the evidence is sufficient to support a finding of guilt of the charged offenses. Accordingly, defendant will not be exposed to double jeopardy upon retrial. By our holding, we make no inference, nor have we made any determination, concerning defendant's guilt. See *People v. Taylor* (1979), 76 Ill. 2d 289.

## CONCLUSION

In order for a trial to proceed *in absentia*, the defendant must first be informed of his right to be present and have knowingly and intelligently waived that right. Absent a knowing and intelligent waiver, the defendant's statutory right to be notified he could be tried *in absentia* is violated. Section 113—4(e) serves as the procedural mechanism to effect a formal waiver of the right to be present.

As the court stated in *People v. Partee* (1988), 125 Ill. 2d 24, 40, "the 113—4(e) admonishment was part of a complex series of tradeoffs designed to balance the defendant's right to be present at trial, the State's interest in the expeditious administration of justice, and our traditional distrust of trials *in absentia*." Thus, it is clear that the legislative scheme is designed to insure that trial in the defendant's absence is not held unless defendant has made a valid waiver of his right to be present at trial and to confront witnesses against him. (*People v. Velasco* (1989), 184 Ill. App. 3d 618, 626.) The

trial court, having failed to admonish defendant pursuant to section 113—4(e) at the time of his arraignment, committed reversible error.

For the foregoing reasons, we affirm the judgment of the appellate court.

*Affirmed.*