**2025 IL 130716**

# IN THE

# SUPREME COURT

# OF

# THE STATE OF ILLINOIS

(Docket No. 130716)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. DAVID A. HIETSCHOLD, Appellee.

*Opinion filed November 20, 2025.*

JUSTICE ROCHFORD delivered the judgment of the court, with opinion.

Chief Justice Neville and Justices Theis, Overstreet, Holder White, Cunningham, and O'Brien concurred in the judgment and opinion.

**OPINION**

¶ 1 Following a jury trial *in absentia*, defendant David A. Hietschold was convicted of aggravated battery in a public place of accommodation (720 ILCS 5/12-3.05(c) (West 2020)). The issue before us is whether the trial court substantially complied with the admonishment requirement for trials *in absentia* contained in section 113-4(e) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/113-4(e) (West

2022)) where the trial court informed defendant that his failure to appear could result in trial *in absentia* but did not advise defendant that his absence would also waive his right to confront the witnesses against him. A divided panel of the appellate court held that the trial court's admonishments were insufficient, and it reversed defendant's conviction and remanded for a new trial. 2024 IL App (2d) 230047. We conclude that the trial court's admonishments substantially complied with section 113-4(e), and we therefore reverse the judgment of the appellate court.

¶ 2                                I. BACKGROUND

¶ 3                          A. Trial Court Proceedings

¶ 4        Defendant was initially charged with misdemeanor battery, which the State later enhanced to two felony counts of aggravated battery in a public place. On April 28, 2021, the Kane County circuit court granted the State's motion to nol-pros the misdemeanor case upon consolidation with the felony case. At the next two hearings, defense counsel requested continuances due to defendant undergoing surgeries. Subsequently, on October 20, 2021, the trial court inquired if the parties had reached a plea agreement, and counsel requested a conference pursuant to Illinois Supreme Court Rule 402 (eff. July 1, 2012). The trial court scheduled the Rule 402 conference for December 2021 and the trial for February 24, 2022. The trial court admonished defendant: "You must be present on that day. If you are not, a warrant could issue for your arrest and you could be tried in your absence and if found guilty, sentenced in your absence." Defendant was present at the hearing via Zoom, and when asked by the court to indicate his understanding by giving a thumbs up, defendant complied.

¶ 5        The Rule 402 conference ultimately occurred in January 2022. In February 2022, defense counsel sought to withdraw, citing defendant's dissatisfaction with his representation and a breakdown in communication. The trial court granted the motion to withdraw, and new counsel appeared on defendant's behalf later that month.

¶ 6        Over the next three hearings, counsel reported ongoing discussions with the State and efforts to collect mitigation evidence. On July 22, 2022, counsel stated defendant's illness with COVID-19 had made it difficult to "get a mitigation letter

together." The State requested a trial date, and the trial court set the case for trial on September 29, 2022, with the jury being summoned on October 3, 2022. The trial court then admonished defendant, who had appeared via Zoom:

"Mr. Hietschold, you do have a right to be present at all of your court dates.

You do need to be present on both of those dates.

If you fail to come to court, that would constitute a waiver of your right to be present, and the trial could continue without you.

You could be found guilty, you could be sentenced if you don't come back to court."

The trial court asked defendant if he understood, and he replied in the affirmative.

¶ 7 At an interim hearing in August 2022, defendant failed to appear, despite his presence not previously being waived. The trial court stated that it was willing to waive defendant's presence for the day but that defendant was required to be present on the trial date.

¶ 8 Defendant failed to appear on the September 29, 2022, trial date. The State answered ready and asked that defendant be tried *in absentia*, proffering that defendant was not in local hospitals or in custody elsewhere. Defense counsel responded that he had examined the file and determined that defendant was never arraigned, and counsel objected to the lack of arraignment. Counsel further stated that defendant had hired him to "plead his case out, basically," and that, when counsel "wasn't able to get that or get a better offer than prior counsel had, all of a sudden, we set the case for trial and then [counsel could not] get ahold of him." Counsel stated that he had therefore been "caught a little bit flatfooted." Counsel further asked for a continuance to gather additional evidence.

¶ 9 The State responded that, under section 115-4.1 of the Code (725 ILCS 5/115-4.1(a) (West 2022)), the trial could proceed without an arraignment. It also argued that defendant was informed of the trial date and of the consequences of not appearing. The trial court stated that the "charges ha[d] been set for quite a long time" and that, if the case was going to trial, it was "based on a plea of not guilty." It therefore ruled that defendant suffered no prejudice from the lack of an

arraignment. The trial court continued the case to the next day for the State to provide a transcript of the admonishments.

¶ 10    On that day, the trial court recognized that it had not specifically informed defendant that he would be waiving his right to confront witnesses. However, it ruled that it had substantially complied with section 113-4(e), and it granted the State's request to proceed *in absentia*. Regarding defendant's motion to continue, the trial court inquired why counsel had not previously secured video evidence from outside the bar that he was now seeking. Counsel stated that he was "thinking this thing was getting pled," "[a]nd then, all of a sudden, [his] client [was] now gone" and the case was proceeding to trial. The State responded that an officer had investigated the issue the previous night and learned that the bar retained its exterior surveillance recordings for only one week. The trial court ruled that there was no well-founded basis to continue the trial.

¶ 11    The evidence at trial included both witness testimony and a video recording from inside the Third Street Station Bar in Geneva, where the incident occurred. According to the evidence presented, on February 2, 2021, Kristen Tunney went to the bar with coworkers. She saw defendant and a woman arguing, and Tunney asked the woman if she would feel safer joining Tunney and her coworkers. The woman told Tunney to mind her own business, and Tunney went to the other side of the bar. Later, defendant walked up behind Tunney and struck her, causing her to hit a wall and fall to the ground.

¶ 12    A jury found defendant guilty of both counts of aggravated battery. At the sentencing hearing on January 25, 2023, the trial court ruled that the counts merged, and it sentenced defendant *in absentia* to 42 months' imprisonment and 12 months' mandatory supervised release. Defendant was later taken into custody on May 17, 2023.

¶ 13                    B. Appellate Court Decision

¶ 14    Before the appellate court, defendant argued that the trial court erred in trying him *in absentia* because, when the trial court admonished him, (1) he had not been arraigned nor had he plead guilty and/or (2) the trial court neglected to advise him that a failure to appear at trial would waive his right to confront witnesses. 2024 IL

- 4 -

App (2d) 230047, ¶ 18. The majority concluded that substantial compliance with section 113-4(e) required that the trial court advise defendant both that a trial could proceed in his absence if he failed to appear and that he would waive his right to confront the witnesses against him. *Id.* ¶ 34. The majority distinguished substantial compliance under Rule 402 for guilty pleas, stating that the law abhors trial *in absentia* but not guilty pleas. *Id.* ¶ 42.

¶ 15        The dissent argued that the majority improperly applied strict compliance by concluding that the statute required the full admonishment. *Id.* ¶ 82 (Birkett, J., dissenting). The dissent emphasized that every prior appellate decision on this subject had reached the opposite conclusion (*id.* ¶ 84) and asserted that this court's precedent showed that the requirement's essence is that the defendant understands that a trial may proceed in his absence (*id.* ¶ 104). The dissent further maintained that defendant had not provided the court with a record of the misdemeanor proceedings, at which he may have been admonished, and that this omission should be construed against him. *Id.* ¶ 119. Last, the dissent pointed out that Rule 402 also contains an admonishment about confronting witnesses but that this court held that a trial court substantially complied with the rule even though it did not inform the defendant of that right. *Id.* ¶¶ 91, 120.

¶ 16        We granted the State's petition for leave to appeal. Ill. S. Ct. R. 315(a) (eff. Dec. 7, 2023).

¶ 17                                    II. ANALYSIS

¶ 18        A defendant has a constitutional right to be present at all stages of his trial. *People v. Phillips*, 242 Ill. 2d 189, 194 (2011). However, a defendant's voluntary absence from trial may effectively waive his constitutional right to be present, such that he may be tried and sentenced *in absentia*, even if he was not warned of this possibility. *Id.* at 194-95. Still, section 113-4(e) provides defendants with a statutory right to be informed of the possible consequences of their failure to appear in court when required. *Id.* at 195. Section 113-4(e) states:

    "If a defendant pleads not guilty, the court shall advise him at that time or at any later court date on which he is present that if he escapes from custody or is released on bond and fails to appear in court when required by the court that *his*

- 5 -

*failure to appear would constitute a waiver of his right to confront the witnesses against him and trial could proceed in his absence*." (Emphasis added.) 725 ILCS 5/113-4(e) (West 2022).

Under the statute's plain language, the trial court is to advise a defendant pleading not guilty that, if he fails to appear in court when required, the defendant waives his right to confront the witnesses against him and the trial could proceed without him. *Id.*

¶ 19 The section "113-4(e) admonishment was part of a complex series of tradeoffs designed to balance the defendant's right to be present at trial, the State's interest in the expeditious administration of justice, and our traditional distrust of trials *in absentia*." *People v. Partee*, 125 Ill. 2d 24, 40 (1988). The statute's primary purpose was "to prevent 'bail jumping' and to promote the speedy satisfaction of judgment." *People v. Garner*, 147 Ill. 2d 467, 481 (1992). It is a "prophylactic measure which is designed both to dissuade defendants from absconding at any time, before or after trial, and to provide for a formal waiver of their right to be present" at trial. *Partee*, 125 Ill. 2d at 41.

¶ 20 This court has viewed the use of the word "shall" in section 113-4(e) as mandatory, rather than directory, such that the trial court must admonish a defendant under the statute. *Phillips*, 242 Ill. 2d at 196-97. However, because a defendant has no constitutional right to admonishments before he may waive the right to be present at trial, the trial court need only substantially comply with section 113-4(e) for the admonishments to be sufficient. *Cf. People v. Ratliff*, 2024 IL 129356, ¶ 44 (trial court need only substantially comply with Illinois Supreme Court Rule 401 (eff. July 1, 1984) admonishments about waiver of counsel because nothing in the federal or state constitutions requires admonishments before a defendant may waive the right to counsel); see *Phillips*, 242 Ill. 2d at 199 (applying substantial compliance standard to section 113-4(e)). Substantial compliance "does not require a strict verbatim reading" of the admonishments, but rather "the court must impart to a defendant largely that which is specified in the" statute. *People v. Dominguez*, 2012 IL 111336, ¶ 19 (analyzing whether the trial court substantially admonished the defendant under Illinois Supreme Court Rule 605 (eff. Oct. 1, 2001)). In other words, the trial court must communicate the statute's " 'essence,' " rather than " 'wholly' what is specified" in section 113-4(e). *Id.* Though we will

not reverse a trial court's decision to proceed with a trial *in absentia* absent an abuse of discretion (*People v. Smith*, 188 Ill. 2d 335, 341 (1999)), the issue here is whether the trial court substantially complied with section 113-4(e), which is a question of law that we review *de novo* (see *People v. Muhammad*, 2025 IL 130470, ¶ 50 (questions of law are reviewed *de novo*); *Phillips*, 242 Ill. 2d at 194 (whether the defendant waived his right to receive section 113-4(e) admonishments was a question of law subject to *de novo* review)).

¶ 21 The State argues that the trial court's admonishments substantially complied with section 113-4(e) even without explicitly stating that failing to appear would waive the defendant's right to confront witnesses. The State argues that, pursuant to appellate and supreme court precedent, the essence of the warning is that a defendant may be tried in his absence if he fails to appear. The State maintains that the right to confront witnesses to which section 113-4(e) refers is the right to observe the witnesses in person, which is ancillary to the right to be present at trial. That is, a defendant necessarily cannot observe the witnesses if he does not appear for trial. The State argues that an absent defendant does not entirely waive his right to confront witnesses, as his counsel still exercises the defendant's right to cross-examine witnesses, as defense counsel did here. See *People v. Lofton*, 194 Ill. 2d 40, 60 (2000) (the "right to confront witnesses includes the right to hear and to view them as they testify" and the right to cross-examine adverse witnesses directly or through counsel). The State contends that the record shows that defendant clearly understood the consequences of not appearing and simply chose to be absent after not receiving his desired plea offer. The State additionally analogizes section 113-4(e) to Rule 402(a)(4) (Ill. S. Ct. R. 402(a)(4) (eff. July 1, 2012)).

¶ 22 Defendant argues that, to substantially comply with section 113-4(e), a trial court must adhere to the statute's plain language and admonish a defendant both that a trial can proceed in his absence and that he waives his right to confront witnesses by failing to appear for trial. He cites *Garner*, 147 Ill. 2d at 483, where this court stated that the admonishment is required even for experienced criminals and that "it is clear that the legislative scheme is designed to insure that trial in the defendant's absence is not held unless defendant has made a valid waiver of his right to be present at trial and to confront witnesses against him." Defendant maintains that the legislature's failure to amend section 113-4(e) in the decades since *Garner* suggests that the legislature intended that both components of the

admonishment be given. According to defendant, there cannot be substantial compliance with the statute if the trial court gives only 50% of the admonishment. Defendant alternatively argues that, at a minimum, a defendant must be advised of his right to confront witnesses at the arraignment. As defendant was never arraigned, he argues that the full admonishment was required for him specifically.

¶ 23    We first consider the effect of a lack of arraignment on record.[1] Even if the record does not show the entry of a plea by a defendant, we look at the record to see if this omission adversely affected the defendant's rights. See *People v. Brokowski*, 25 Ill. 2d 497, 500 (1962); see also *Garner*, 147 Ill. 2d at 481 ("[A]bsent an adverse effect on the defendant's right, the requirement of arraignment and a formal plea is a mere formality, which is inessential to a valid conviction."). Here, although defendant did not formally plead not guilty, this was apparently an oversight by the parties and the trial court, as everyone proceeded as if defendant had pled not guilty. Indeed, two of defendant's motions stated that he had pled not guilty, and the fact that the case was scheduled for trial and went to trial necessarily meant that he was pleading not guilty to the charges. Tellingly, defendant's appeal below centered around the section 113-4(e) admonishment, which applies only "[i]f a defendant pleads not guilty" (725 ILCS 5/113-4(e) (West 2022)), meaning that defendant has reaffirmed a plea of not guilty. The statute further states that "the court shall advise [a defendant] at [arraignment] or at any later court date on which he is present." *Id.* Therefore, the admonishment is not limited to solely the time of arraignment but instead may be provided at a later hearing where the defendant is present. See *Garner*, 147 Ill. 2d at 482 (statute "affords the trial court a mechanism for a later, yet no less effective, opportunity to admonish the defendant"). Accordingly, defendant was not prejudiced by the lack of an arraignment here, and it does not affect our analysis regarding substantial compliance with section 113-4(e).

¶ 24    We now turn to the section 113-4(e) admonishment. Again, under the statute, a trial court is to admonish a defendant who pleads not guilty that "his failure to appear would constitute a waiver of his right to confront the witnesses against him and trial could proceed in his absence." 725 ILCS 5/113-4(e) (West 2022). We

---

[1]Defense counsel stated during oral argument before the appellate court that defendant was not arguing that the failure to arraign, alone, was reversible error.

ultimately conclude that the trial court substantially complied with the statute, despite not informing defendant that failing to appear would waive his right to confront witnesses.

¶ 25    Prior to the appellate court's decision here, the appellate court had uniformly held that the trial court substantially complied with section 113-4(e) in circumstances similar to this one, where the trial court admonished the defendant about trial *in absentia* but did not specifically mention that the defendant would lose his right to confront witnesses. *People v. Coppage*, 187 Ill. App. 3d 436, 442-43 (1989); *People v. Broyld*, 146 Ill. App. 3d 693, 698 (1986); *People v. Clark*, 96 Ill. App. 3d 491, 496 (1981), *abrogated on other grounds*, *People v. Ramirez*, 214 Ill. 2d 176 (2005); see *People v. Liss*, 2012 IL App (2d) 101191, ¶ 19 (even if the defendant were not admonished about his confrontation rights, the trial court still would have substantially complied with section 113-4(e)); see also *People v. Talidis*, 2023 IL App (2d) 220109, ¶ 35 (not analyzing substantial compliance but stating that section 113-4 "requires the trial court to warn a defendant that a trial may proceed in his absence if he escapes from custody or is released on bond and fails to appear"). In *Coppage*, the appellate court stated that the trial courts are to

> "notify defendants of their constitutional right to be present at their own trial, as well as caution them that they may forfeit that right by their willful absence. *** However, the specific words used are not important as long as it is apparent that defendant was made aware that he has the right to be present at his trial but that his absence need not preclude the court from proceeding." *Coppage*, 187 Ill. App. 3d at 442-43.

¶ 26    This court has not directly addressed the issue presented here, though we have considered other questions related to section 113-4. For example, in *Garner*, 147 Ill. 2d at 476, we held that the admonishment is still required for experienced criminals. The defendant had not received any admonishment under the statute, which we determined was reversible error. *Id.* at 483-84. We further stated in the conclusion that it was "clear that the legislative scheme is designed to insure that trial in the defendant's absence is not held unless defendant has made a valid waiver of his right to be present at trial and to confront witnesses against him." *Id.* at 483. Defendant relies heavily on this quote, but *Garner* did not involve considerations of substantial compliance. Tellingly, the appellate case we cited for this proposition

(see *id.* at 483 (citing *People v. Velasco*, 184 Ill. App. 3d 618, 626 (1989))) held that the trial court complied with section 113-4 where it admonished the defendant only that, if he failed to appear on the trial date, the trial would proceed in his absence. *Velasco*, 184 Ill. App. 3d at 625, 629. In *Garner*, we also stated that, "for a trial to proceed *in absentia*, the defendant must first be informed of his right to be present and have knowingly and intelligently waived that right." *Garner*, 147 Ill. 2d at 483. Subsequently, in *Phillips*, 242 Ill. 2d at 197, we cited *Garner* for this statement, thereby indicating that the admonishment's essence is that a defendant know that he had a right to be present at trial and that the trial may proceed in his absence. See *id.* at 200 ("We also believe that oral admonishment is most effective to meet the legislative purpose of section 113-4(e) as it provides the trial court with an opportunity to both notify a defendant of his right and obligation to be present at trial, and to verify that he understands this important right and duty.").

¶ 27        Moreover, in *Smith*, which was decided about seven years after *Garner*, we examined whether the trial court abused its discretion in proceeding with a trial in the defendant's absence. *Smith*, 188 Ill. 2d at 337. We considered section 115-4.1(a), which stated that if a defendant failed to appear for trial, " 'at the request of the State and after the State has affirmatively proven *** that the defendant is willfully avoiding trial, the court may commence trial in the absence of the defendant.' " *Id.* at 341 (quoting 725 ILCS 5/115-4.1(a) (West 1996)). We affirmatively cited *Coppage*, among other cases, in adopting a three-part test to determine whether the State has established a *prima facie* case of willful absence under section 115-4.1. *Id.* at 343. We stated that "[t]o establish a *prima facie* case of willful absence, the State must demonstrate that the defendant: (1) was advised of the trial date; (2) *was advised that failure to appear could result in trial in absentia*; and (3) did not appear for trial when the case was called." (Emphasis added.) *Id.* We also cited *Broyld* for the proposition that the State must go beyond a *prima facie* case only if the defendant introduces some evidence that he did not act willfully. *Id.*

¶ 28        Defendant argues that we cited the aforementioned appellate court cases in *Smith* for different propositions and did not approve their analysis regarding section 113-4(e). However, in addition to affirmatively citing cases that held that the failure to admonish a defendant about the right to confront witnesses was not reversible error, we accepted their reasoning, through adopting the three-part test, that the

- 10 -

most important part of section 113-4(e)'s admonishment is that a defendant's failure to appear could result in a trial in the defendant's absence. Defendant also points out that the defendant in *Smith* received the full admonishment. *Id.* at 347-48. Though true, we did not rely on this fact in approving the test for establishing a *prima facie* case of willful absence. We further subsequently reiterated the same three-part test in *Ramirez*, 214 Ill. 2d at 184.

¶ 29   We additionally find guidance in *People v. Mendoza*, 48 Ill. 2d 371, 373 (1971), which discussed substantial compliance under Illinois Supreme Court Rule 402(a)(4) (eff. Sept. 1, 1970). Defendant asserts that, because section 113-4(e) is unambiguous, we may not resort to extrinsic aids of statutory construction, such as considering Rule 402. See *People v. Hoffman*, 2025 IL 130344, ¶ 16 ("Where a statute's language is clear and unambiguous, we must effectuate the statute's meaning without consulting other aids of statutory construction."). We note that the issue before us is not strict compliance adhering to the statute's plain meaning, which would require that a trial court provide a defendant with the complete admonishment. Rather, we must determine whether the trial court substantially complied with the statute when it failed to advise defendant that his absence at trial would waive his right to confront the witnesses against him. See *People v. Krantz*, 58 Ill. 2d 187, 192 (1974) (substantial compliance does not require literal compliance). We may therefore consider sources beyond the statute itself.

¶ 30   Rule 402(a)(4) stated, in relevant part, that the "court shall not accept a plea of guilty without first, by addressing the defendant personally in open court, informing him of and determining that he understands" certain propositions, including "that if he pleads guilty there will not be a trial of any kind, so that by pleading guilty he waives the right to a trial by jury *and the right to be confronted with the witnesses against him*." (Emphasis added.) Ill. S. Ct. R. 402(a)(4) (eff. Sept. 1, 1970). The defendant in *Mendoza* argued in a postconviction petition that the trial court's admonishments were insufficient because, although the trial court informed him that a guilty plea automatically waived the right to a jury trial, it did not also admonish him that he was waiving other constitutional rights, including the right to confront his accusers. *Mendoza*, 48 Ill. 2d at 373. Despite the fact that the right to be confronted with witnesses was an explicit part of the rule's admonishments, we

stated that the trial court's admonishments substantially complied with Rule 402[2] because the defendant was represented by counsel at the time of his plea and the "fact that defendant was not specifically admonished by the court, on the record, as to each and every consequence of his plea does not sufficiently demonstrate that he was, in fact, unaware of these consequences." *Id.* at 374; see *People v. Davis*, 145 Ill. 2d 240, 250 (1991) (in analyzing Rule 402, we stated that "[w]hether reversal is required depends on whether real justice has been denied or whether [the] defendant has been prejudiced by the inadequate admonishment").

¶ 31     The appellate court here rejected a comparison to Rule 402 on the basis that the law abhors trials *in absentia* but does not abhor guilty pleas. 2024 IL App (2d) 230047, ¶ 42. We agree that trials in the defendant's absence "are not favored." See *Smith*, 188 Ill. 2d at 340. However, a defendant also has a duty to be present, and he waives the right to be present when he voluntarily absents himself from trial. *Id.* at 340-41. A defendant tried *in absentia* still has a complete trial at which counsel will represent the defendant,[3] may present and cross-examine witnesses, may introduce evidence, and will argue on the defendant's behalf, all while the State is held to its burden of proof. In contrast, a defendant who pleads guilty has no trial at all. "A defendant who pleads guilty waives several constitutional rights, including the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one's accusers." *People v. Williams*, 188 Ill. 2d 365, 370 (1999). A defendant's right to due process of law therefore requires that the guilty plea be knowing and intelligent. *Id.* at 371. The admonishments in Rule 402 were designed to meet this standard, as required by *Boykin v. Alabama*, 395 U.S. 238 (1969). *People v. Snyder*, 2011 IL 111382, ¶ 24. Unlike guilty plea proceedings, there is no constitutional right to admonishments about trial *in absentia*. *Phillips*, 242 Ill. 2d at 194-95. Thus, the Rule 402 admonishments are equally or more important than the section 113-4(e) admonishment.

---

[2]We note that the defendant was sentenced in 1967 (see *Mendoza*, 48 Ill. 2d at 372), before Rule 402 became effective.

[3]There is an exception to the statutory requirement that an attorney must represent a defendant who is tried *in absentia*, in that the requirement does not apply to in-custody defendants who waive their right to counsel and also waive their right to be present by refusing to leave their cells. *People v. Eppinger*, 2013 IL 114121, ¶ 40 (citing 725 ILCS 5/115-4.1(a) (West 2010)).

¶ 32    The flaw in defendant's position is that he creates two "components" or "elements" from section 113-4(e) and attributes equal significance to each, such that, in his view, the trial court provided only half of the admonishment. However, substantial compliance requires communicating the statute's " 'essence,' " rather than " 'wholly' what is specified" in the statute. See *Dominguez*, 2012 IL 111336, ¶ 19. We conclude that the "essence" of the admonishment about trial *in absentia* in section 113-4(e) is just that—the admonishment that a defendant's failure to appear at trial will not prevent the trial from proceeding in his absence. That a defendant will lose his ability to confront witnesses face-to-face is a corollary to the trial occurring without him, and the defendant will retain the confrontation right to cross-examine witnesses through counsel. See *People v. Tennant*, 65 Ill. 2d 401, 408 (1976) (" 'The main and essential purpose of confrontation is to secure for the opponent the opportunity of cross-examination.' " (Emphasis omitted.) (quoting 5 John H. Wigmore, Evidence § 1395 (Chadbourn rev. ed. 1974))).

¶ 33    As discussed, our interpretation is consistent with the general terms in which we have often previously referenced section 113-4(e), focusing on a defendant's right to be present at trial and the waiver of that right. See *Phillips*, 242 Ill. 2d at 197 ("Consequently, before a trial may proceed *in absentia*, the court must inform the defendant of his right to be present and the defendant must have knowingly and intelligently waived that right."); *Garner*, 147 Ill. 2d at 475 (statute " 'provide[s] for a formal waiver of [a defendant's] right to be present' " at trial (quoting *Partee*, 125 Ill. 2d at 41)); *Partee*, 125 Ill. 2d at 40-41 (section "113-4(e) admonishment was part of a complex series of tradeoffs designed to balance the defendant's right to be present at trial" and is "a prophylactic measure *** to provide for a formal waiver of their right to be present"). Notably, we distilled the admonishment down to this essence in adopting the test for whether the State has established a *prima facie* case of willful absence under section 115-4.1, requiring that the defendant "was advised that failure to appear could result in trial *in absentia*" (*Smith*, 188 Ill. 2d at 343), a position that we reaffirmed in *Ramirez*, 214 Ill. 2d at 184. Our result is also consistent with our interpretation of Rule 402, for which substantial compliance does not require that the trial court admonish the defendant that pleading guilty will waive his right to confront the witnesses against him, despite this warning being an explicit part of the rule.

¶ 34 We emphasize that we expect trial courts to provide defendants with the full section 113-4(e) admonishment, which can be accomplished quickly and easily by following the statutory language. This issue before us is whether the trial court's failure to do so here resulted in reversible error due to a lack of substantial compliance with the statute. The trial court twice admonished defendant about his right to be present, the necessity of his presence, and that if he failed to appear for trial, the trial could proceed without him, such that he could be found guilty in his absence and sentenced in his absence. For the reasons discussed, we hold that the trial court substantially complied with section 113-4(e) by admonishing defendant in this manner.

¶ 35                                 III. CONCLUSION

¶ 36 For the reasons stated, we reverse the judgment of the appellate court that reversed defendant's conviction and remanded for a new trial.

¶ 37 Appellate court judgment reversed.

¶ 38 Circuit court judgment affirmed.